IN THE UNITED STATES DISTRICT COURT ~~RECEIVED~~
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2006 AUG -3 P 2: 39

| | |
|---|---|
| BARBARA M. JEFFERS and | ) |
| JOAN K. CRAIG, | ) |
| Plaintiffs, | ) |
| v. | ) |
| RUSSELL COUNTY BOARD OF | ) |
| EDUCATION and CHARLES | ) |
| NACRELLI, | ) |
| Defendants. | ) |

CIVIL ACTION NO._____
JURY DEMAND    3: 06cv 685 —

## COMPLAINT

## I. JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e. This suit also asserts claims of Outrage, Assault and Battery, and Assault and Battery with vicarious liability under Alabama law.

2. The Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§1331, 1343(a)(4), 2201 & 2202. Jurisdiction over plaintiffs' claims based on Alabama law exists under the doctrine of supplemental jurisdiction, 28 U.S.C. §1367.

3. Plaintiffs timely filed their charges of sex discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment. Plaintiffs then filed this complaint within 90 days after receipt of right-to-sue notices being issued by the EEOC and U.S. Department of Justice. A copy of Notice of Right to Sue for plaintiff Jeffers is attached hereto as **Exhibit A.** A copy of

1

Notice of Right to Sue for plaintiff Craig is attached hereto as **Exhibit B.**

## II. PARTIES

4. Plaintiff Jeffers is a female citizen of the United States and a resident of the state of Alabama. She is a school counselor with the Russell County Board of Education and was a tenured employee of the Russell County Board of Education at all times material to this complaint. She was a victim of discriminatory treatment on her job with the Russell County Board of Education.

5. Plaintiff Craig is a female citizen of the United States and a resident of the state of Alabama. She is a support employee with the Russell County Board of Education and was a tenured employee of the Russell County Board of Education at all times material to this complaint. She was a victim of discriminatory treatment on her job with the Russell County Board of Education.

6. Defendant Russell County Board of Education is a statutorily created public agency which operates public schools in Russell County, Alabama. During all times material to this complaint, plaintiffs were employees of the Russell County Board of Education. The events complained of occurred in Russell County, Alabama.

7. Defendant Charles Nacrelli at all times material to this complaint was a supervisor with the Russell County Board of Education. Defendant Nacrelli, a male, was principal of Ladonia Elementary School where defendant Nacrelli was supervisor over plaintiff Jeffers, a school counselor at Ladonia Elementary, and plaintiff Craig, a bus driver at the school.

## III. FACTUAL ALLEGATIONS

8. Plaintiff Jeffers, a school counselor with the Russell County Board of Education, has maintained a stellar record during 26 years' employment with the Russell County Board of Education.

9. Defendant Nacrelli served as plaintiff Jeffers' supervisor after he took over as assistant principal Ladonia Elementary School in about 1999 and as principal soon thereafter.

10. Defendant Nacrelli began the discriminatory treatment of plaintiff Jeffers soon after he took over as supervisor by constantly making lewd and in appropriate remarks about his sexual exploits, about Jeffers' anatomy, and about various sexual matters. Plaintiff Jeffers attempted to ignore the inappropriate behavior for as long as possible but in 2005 it began to become unbearable. Defendant's inappropriate behavior created a hostile work environment and violated Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e, as well as state law.

11. The conduct escalated beyond mere words. In July of 2005, at a reception held in recognition of Ladonia Elementary School vice principal Brenda Coley's being named principal of another school, defendant Nacrelli exposed himself to plaintiff Jeffers. The event was at defendant Nacrelli's house. Ms. Jeffers was seated on the deck steps and Nacrelli came up behind her and wrapped his legs around her waist. Ms. Jeffers turned around and Nacrelli was nude. Nacrelli then stumbled and stepped over Jeffers' head

3

naked. Prior to removing his clothing, principal Nacrelli touched Jeffers on the buttocks

on more than one occasion during the course of the evening and her requests that he stop

got no results.

12. The incidents were embarrassing and humiliating to plaintiff who repeatedly

told Nacrelli not to bother her during that night.

13. Plaintiff Jeffers reported the incident to Coley, a school principal with the

Russell County Board of Education, the same night that it happened. However, earlier in

the night Coley herself had been a victim on Nacrelli's inappropriate conduct, when he

kissed her in the mouth on more than one occasion.

14. At the same reception, Nacrelli attempted to remove the bathing suit of

another female staff member of Ladonia Elementary.

15 Plaintiff Jeffers also called Dillie Elliot, an elected member of the Russell

County Board of Education, and reported the incidents to her and requested a transfer

away from Ladonia Elementary School so that she would not have to work under the

supervision of Nacrelli.

16. Plaintiff Jeffers' plea for a transfer went unattended, however. When the

2005-06 school year began, she was forced to go back to work at Ladonia Elementary

where defendant Nacrelli remained her supervisor and resumed the illegal harassment.

17. In August 2005, another embarrassing incident occurred. During school one

day, defendant Nacrelli was carrying a kindergarten student down the hall under his arm

and the child was crying and kicking. Nacrelli turned to Jeffers and Sherri Huckaby, a

Ladonia teacher, and said, "Andrew, I can handle you. My wife's breasts weigh more than

4

you do."

18. The conduct then escalated with an incident that was particularly disturbing to plaintiff Jeffers. On September 9, 2005, plaintiff Jeffers and a Ladonia teacher, Kelly Howard, were in the Student Council classroom, along with Mr. Nacrelli, counting money donated for Hurricane Katrina victims. Suddenly, Nacrelli, who weighs more than 200 pounds, picked up plaintiff Jeffers, cradled her and rolled her toward him and bit her on the breast.

19. A particularly disgusting incident also occurred on September 19, 2005. A first grader had brought in a picture of a child titled, "Chicks with dicks." Nacrelli spoke of the picture to plaintiff Jeffers and said, "Her breasts were bigger than my wife's and her dick was bigger than mine." Nacrelli made a similar statement in a meeting of second grade teachers that afternoon.

20. Although she had not received relief from previous reporting of the harassment by principal Nacrelli, plaintiff Jeffers called then Superintendent Rebecca Lee to report the matter of her breast being bitten by the principal.

21. Superintendent Lee met with Jeffers in September 2005 and promised to investigate. However, while the investigation was on-going Jeffers was forced to remain at Ladonia Elementary under the supervision of principal Nacrelli. The investigation included interviewing numerous persons on the staff at Ladonia and the matter was subject to discussion among teachers and staff but Jeffers was forced to remain under the supervision of Nacrelli during a period of several days while the interviews continued.

22. Eventually, Nacrelli was suspended with pay and the Russell County Board of

Education voted to terminate his employment. Nacrelli resigned in February 2006 rather than exercise his due process rights to a hearing before a Federal Mediation and Conciliation Service arbitrator under the provisions of Alabama's Teacher Tenure Act at 16-24-1, et seq.

23. The sexual advances were not welcomed nor condoned by plaintiff Jeffers, who constantly rebuffed her supervisor.

24. The harassment was constant, pervasive, intentional and wanton.

25. When plaintiff Jeffers refused to give into defendant Nacrelli's advances and after she reported the advances, Nacrelli retaliated against plaintiff.

26. In addition to her counseling duties, Jeffers had taught certain socialization skills classes. When she reported for school for the 2005-06 school year, Jeffers was assigned additional classroom duties and given a pupil-teacher ratio assignment which violated state law.

27. Nacrelli's illegal, retaliatory action constituted tangible action sexual harassment against Jeffers. Several of his actions constituted hostile work environment sexual harassment.

28. Nacrelli's exposing himself to Jeffers and his biting her breast constituted Assault and Battery, Outrage, and vicarious liability Assault and Battery, under Alabama law.

29. Plaintiff Craig also was subjected to a hostile work environment and tangible action sexual harassment, as well state law torts of Assault and Battery, Outrage, and vicarious liability Assault and Battery.

30. For the past few years, Craig's bus has been the last to unload in the mornings at Ladonia. When the children had exited the bus, defendant Nacrelli often would come to her bus and make inappropriate remarks to Craig.

31. Plaintiff Craig often would have to rebuff defendant Nacrelli who would rub her legs and tell her how much he liked her long hair. She once cut her hair short so that he would stop talking about it. He told her that her legs were "nice and firm" and that he "sure would like to get between them one day."

32. Plaintiff Craig rode her motorcycle to school one day to check on her grand-nephews. Defendant Nacrelli followed her outside and told her she could take him for "a fast ride" and that he (Nacrelli) would "turn you every which way but loose." Nacrelli said during the bike ride he would hold her breasts. Nacrelli patted her legs and rubbed her as he spoke. Plaintiff Craig rebuffed the advance and felt embarrassed by it.

33. During the 2005-06 school year, a particularly embarrassing event occurred. In a staff meeting, Nacrelli came up and stood almost in the face of plaintiff Craig, who feared that others in the meeting might think they were having an affair.

34. Nacrelli's conduct prompted one teacher to remark to plaintiff Craig, "I know, Joanie, he's getting worse."

35. Another meeting, also in 2005-06, involved seven bus drivers and two supervisors, including Nacrelli, at Ladonia. Nacrelli got behind plaintiff and began rubbing her shoulders, prompting her to have to take his hand off her in the meeting.

36. Plaintiff Craig had been informally in charge of scheduling Ladonia bus drivers' extra-curricular trips, taking of which allowed drivers to earn additional income.

She often drove on field trips to make extra money herself.

37. Plaintiff Craig, however, stopped taking the trips because she could not endure the harassment by Nacrelli.

38. The constructive discharge from the part-time job transporting students to extra-curricular activities constituted tangible action sexual harassment. Several of his actions constituted hostile work environment sexual harassment toward Craig.

39. Nacrelli's rubbing and propositioning Craig constituted Outrage, Assault and Battery, and vicarious liability Assault and Battery, under Alabama law.

40. Plaintiffs Jeffers and Craig suffered damages as a result of defendant Nacrelli's conduct, suffering humiliation and emotional distress, as well as a loss of self-esteem.

41. Plaintiff Jeffers was a victim of both hostile environment and tangible action sexual harassment, as well as Assault and Battery, Outrage, and Assault and Battery with vicarious liability.

42. Plaintiff Craig was a victim of hostile environment and tangible action sexual harassment, as well as Assault and Battery, Outrage, and vicarious liability Assault and Battery.

## IV. CAUSES OF ACTION

### COUNT ONE -- TITLE VII HOSTILE ENVIORNMENT SEXUAL HARASSMENT OF PLAINTIFF JEFFERS

43. Plaintiff adopts and realleges all previous paragraphs as if fully set out herein.

44. This claim is brought against defendant Russell County Board of Education, employer of the Plaintiff. Plaintiff Jeffers was discriminated against and harassed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

45. Plaintiff Jeffers was subjected to hostile work environment sexual harassment on her job with the Russell County Board of Education by her supervisor, Charles Nacrelli.

46. The sexual harassment conduct included her supervisor's making lewd, unwanted sexual statements, her supervisor's subjecting her to improper physical contact, and her supervisor's exposing his male genitalia to her.

47. Plaintiff Jeffers reported the inappropriate conduct to: an immediate supervisor, Brenda Coley, who had been assistant principal of Ladonia Elementary and who was named principal of another school within the Russell County system; Dillie Elliot, an elected member of the Russell County Board of Education, which has ultimate, statutory authority over operation of the school system; and Dr. Rebecca Lee, who then was superintendent of education for the Russell County Board of Education.

48. The employer defendant Russell County Board of Education failed to take prompt and appropriate action when the reports were made, subjecting plaintiff to additional harassment.

49. The sexual harassment was intentional, wanton, pervasive and unwanted.

50. As a result of the illegal conduct, plaintiff Jeffers suffered depression, emotional distress, loss of self-esteem, embarrassment and humiliation. Plaintiff Jeffers continues to suffer these damages.

9

## COUNT TWO – TITLE VII TANGIBLE ACTION
### SEXUAL HARASSMENT OF PLAINTIFF JEFFERS

51. Plaintiff Jeffers adopts and realleges all previous paragraphs as if fully set out herein.

52. This claim is brought against defendant Russell County Board of Education.

53. Plaintiff Jeffers was subjected to tangible action sexual harassment on her job with the Russell County Board of Education by her supervisor, Charles Nacrelli.

54. The sexual harassment conduct included her to an illegal, retaliatory assignment after plaintiff Jeffers refused and reported the sexual advances by her supervisor, Nacrelli.

55. In retaliation for her refusing the advances and reporting them, plaintiff Jeffers was given a class load so unbearable by principal Nacrelli that the assignment violated state law. Plaintiff Jeffers had to work additional hours for which she was not paid to keep pace with the demands from the new assignment.

56. The sexual harassment was intentional, wanton, pervasive, unwanted and retaliatory.

57. As a result of the illegal conduct, plaintiff Jeffers suffered depression, emotional distress, loss of self-esteem, embarrassment and humiliation, while being forced to perform additional duties for which she was not paid.

## COUNT THREE – TITLE VII HOSTILE ENVIRONMENT
### SEXUAL HARASSMENT OF PLAINTIFF CRAIG

58. Plaintiff Craig adopts and realleges all previous paragraphs as if fully set out herein.

59. This claim is brought against the defendant Russell County Board of Education.

60. Plaintiff Craig was subjected to hostile work environment sexual harassment because

of her sex on her job with the Russell County Board of Education by her supervisor Charles

Nacrelli, in violation of Title VII of the Civil Rights Act of 1964, as amended.

61. Plaintiff Craig was subjected to lewd statements of a sexual nature, improper

propositions and requests for sexual favors, and unwanted physical touching by her supervisor

Nacrelli.

62. The inappropriate conduct was on-going for a few years and ending only when he was

suspended from his job with the Russell County Board of Education. Plaintiff Craig's bus was

the last from which students were unloaded mornings and Mr. Nacrelli would come out to the

bus after the students exited and do and say inappropriate things. Mr. Nacrelli touched plaintiff

Craig inappropriately on her buttocks, rubbed her legs and made inappropriate comments. He

asked her to "play hooky" with him and told plaintiff Craig that he would get her in bed "and

turn you ever way but loose." He rubbed plaintiff Craig's legs and told her they were "nice and

firm" and stated that he "sure would like to get between them one day." At a staff meeting during

the 2005-06 school year, supervisor Nacrelli came and stood right in front of plaintiff Craig so

that her face was close to his crotch, making her feel very comfortable and making her fear that

others in the meeting thought she was having an affair with Nacrelli. At another meeting,

Nacrelli began rubbing plaintiff Craig on the shoulders and she had to remove his hand in the

meeting.

63. Plaintiff Craig reported the sexual harassment to one or more teachers and her bus

supervisor. Twice plaintiff Craig scheduled meetings with then Superintendent Rebecca Lee to

report the conduct, but Lee canceled the meetings. They finally met on the third appointment

which was after Mr. Nacrelli was suspended.

64. The employer Russell County Board of Education failed to take prompt and appropriate action when the reports were made by plaintiff Craig, subjecting her to additional harassment.

65. The sexual harassment by Nacrelli was intentional, wanton, pervasive and unwanted.

66. As a result of the illegal conduct, plaintiff Craig suffered depression, emotional distress, loss of self-esteem, embarrassment, and humiliation. She continues to suffer these damages.

## COUNT FOUR – TANGIBLE ACTION SEXUAL HARASSMENT AGAINST PLAINTIFF CRAIG

67. Plaintiff Craig adopts and realleges all previous paragraphs as if fully set out herein.

68. This claim is brought against defendant Russell County Board of Education.

69. Plaintiff Craig was subjected to tangible action sexual harassment on her job with the Russell County Board of Education in violation of Title VII of the 1964 Civil Rights Act, as amended.

70. Plaintiff Craig often drove routes on her off hours, transporting students on field, band, sports and extra-curricular trips. However, the sexual harassment Nacrelli became so unbearable that plaintiff Craig ceased accepting the additional work.

71. Defendant Nacrelli's conduct resulted in constructive discharge from the work opportunity, resulting in a loss of income.

72. The conduct by Nacrelli which led to the constructive discharge was intentional, wanton, pervasive and unwanted.

73. As a result of the illegal conduct, plaintiff Craig suffered depression, emotional

distress, loss of self-esteem, embarrassment, and humiliation, as well as loss of income.

## COUNT FIVE – ASSAULT & BATTERY/VICARIOUS LIABILITY
## AGAINST PLAINTIFF JEFFERS

74. Plaintiff adopts and realleges all previous paragraphs as if fully set out herein.

75. This claim is brought against defendant Russell County Board of Education.

76. Under the law, an agency relationship of defendant Nacrelli and defendant Russell County Board of Education aided in the Assault and Battery of plaintiff Jeffers such that defendant Russell County Board of Education is vicariously liable for the Assault and Battery.

77. As a result of the vicarious liability, defendant Russell County Board of Education is liable for damages, punitive damages included, allowed under Alabama law for the assault and battery.

78. In September 2005, defendant Nacrelli on the job at Ladonia Elementary picked plaintiff Jeffers up and rolled her toward him and bit her on the breast. In July of 2005, at Nacrelli's house at a reception for Brenda Coley, an assistant principal at Ladonia Elementary who had been named principal of another school operated by the Russell County Board of Education, defendant Nacrelli grabbed plaintiff Jeffers on the buttocks several times, against her will. The physical contact was unwanted and unwelcome by plaintiff Jeffers and wanton and outrageous.

79. As a result of the illegal conduct, plaintiff Jeffers suffered depression, emotional distress, loss of self-esteem, embarrassment and humiliation. She continues to suffer these damages.

## COUNTY SIX – ASSAULT & BATTERY/VICARIOUS LIABILITY
## AGAINST PLAINTIFF CRAIG

80. Plaintiff Craig adopts and realleges all previous paragraphs as if fully set out herein.

81. This claim is brought against defendant Russell County Board of Education.

82. Under the law, an agency relationship of defendant Nacrelli and defendant Russell County Board of Education aided in the Assault and Battery of plaintiff Craig such that defendant Russell County Board of Education is vicariously liable for the Assault and Battery.

83. As a result of the vicarious liability, defendant Russell County Board of Education is liable for damages, punitive damages included, allowed under Alabama law for the Assault and Battery.

84. During the 2004-05 school year, defendant Nacrelli committed assault and battery against plaintiff Craig on several occasions. He came on her bus and rubbed her legs, telling her he wanted "to get between them." Defendant Nacrelli stroked plaintiff Craig's hair and told her how he liked long hair. During the 2005-06 school year, plaintiff Craig actually had to restrain defendant Nacrelli from touching and rubbing her in a staff meeting. The physical contact was unwanted and unwelcome by plaintiff Craig and wanton and outrageous.

85. As a result of the illegal conduct, plaintiff Craig suffered depression, emotional distress, loss of self-esteem, embarrassment and humiliation. She continues to suffer these damages.


## COUNT SEVEN – ASSAULT & BATTERY
## AGAINST PLAINTIFF JEFFERS

86. Plaintiff Jeffers adopts and realleges all previous paragraphs as if fully set out herein.

87. This claim is brought against defendant Charles Nacrelli.

88. In September 2005, defendant Nacrelli on the job at Ladonia Elementary picked plaintiff Jeffers up and rolled her toward him and bit her on the breast. In July of 2005, at Nacrelli's house at a reception for Brenda Coley, an assistant principal at Ladonia Elementary who had been named principal of another school operated by the Russell County Board of Education, defendant Nacrelli grabbed plaintiff Jeffers on the buttocks several times, against her will. The physical contact was unwanted and unwelcome by plaintiff Jeffers and wanton and outrageous.

89. As a result of the illegal conduct, plaintiff Jeffers suffered depression, emotional distress, loss of self-esteem, embarrassment and humiliation. She continues to suffer these damages.

**COUNT EIGHT – ASSAULT & BATTERY
AGAINST PLAINTIFF CRAIG**

90. Plaintiff Craig adopts and realleges all previous paragraphs as if fully set out herein.

91. This claim is brought against defendant Charles Nacrelli.

92. During the 2004-05 school year, defendant Nacrelli committed assault and battery against plaintiff Craig on several occasions. He came on her bus, rubbing her legs and telling her he wanted to "get between them." Defendant Nacrelli stroked plaintiff Craig's hair and told her how he liked long hair. During the 2005-06 school year, plaintiff Craig actually had to restrain defendant Nacrelli from touching and rubbing her in a staff meeting. The physical contact was

unwanted and unwelcome by plaintiff Craig and wanton and outrageous.

93. As a result of the illegal conduct, plaintiff Craig suffered depression, emotional distress, loss of self-esteem, embarrassment and humiliation. She continues to suffer these damages.

## COUNT NINE – OUTRAGE
## AGAINST PLAINTIFF JEFFERS

94. Plaintiff Jeffers adopts and realleges all previous paragraphs as if fully set out herein.

95. This claim is brought against defendant Nacrelli.

96. Defendant Nacrelli began the discriminatory treatment of plaintiff Jeffers soon after he took over as supervisor by constantly making lewd and in appropriate remarks about his sexual exploits, about Jeffers' anatomy, and about various sexual matters. Plaintiff Jeffers attempted to ignore the inappropriate behavior for as long as possible but in 2005 it became unbearable.

97. The conduct escalated beyond mere words. In July of 2005, at a reception held in recognition of Ladonia Elementary School vice principal Brenda Coley's being named principal of another school, defendant Nacrelli exposed himself to plaintiff Jeffers. The event was at defendant Nacrelli's house. Ms. Jeffers was seated on the deck steps and Nacrelli came up behind her and wrapped his legs around her waist. Ms. Jeffers turned around and Nacrelli was nude. Nacrelli then stumbled and stepped over Jeffers' head naked. Prior to removing his clothing, principal Nacrelli touched Jeffers on the buttocks on more than one occasion and her requests that he stop got no results. The conduct was unwanted and unwelcomed by Jeffers and wanton

and outrageous.

98. As a result of the illegal conduct, plaintiff Jeffers suffered depression, emotional distress, loss of self-esteem, embarrassment and humiliation. She continues to suffer these damages.

### COUNT TEN – OUTRAGE
### AGAINST PLAINTIFF CRAIG

99. Plaintiff Craig adopts and realleges all previous paragraphs as if fully set out herein.

100. This claim is brought against defendant Nacrelli.

101. For the past few years, Craig's bus has been the last to unload in the mornings at Ladonia. When the children had exited the bus, defendant Nacrelli often would come to her bus and make inappropriate remarks to Craig.

102. Plaintiff Craig often would have to rebuff defendant Nacrelli who would rub her legs and tell her how much he liked her long hair. She once cut her hair short so that he would stop talking about it. He told her that her legs were "nice and firm" and that he "sure would like to get between them one day."

103. Plaintiff Craig rode her motorcycle to school one day to check on her grand-nephews. Defendant Nacrelli followed her outside and told her she could take him for "a fast ride" and that he (Nacrelli) would "turn you every which way but loose." Nacrelli said during the bike ride he would hold her breasts. Nacrelli patted her legs and rubbed her as he spoke.

104. During the 2005-06 school year, a particularly embarrassing event occurred. In a staff meeting, Nacrelli came up and stood almost in the face of plaintiff Craig, who feared that

others in the meeting might think they were having an affair.

105. Nacrelli's conduct prompted one teacher to remark to plaintiff Craig, "I know, Joanie, he's getting worse."

106. Another meeting, also in 2005-06, involved seven bus drivers and two supervisors, including Nacrelli, at Ladonia. Nacrelli got behind plaintiff and began rubbing her shoulders, prompting her to have to take his hand off her in the meeting.

107. Nacrelli's conduct was unwanted and unwelcomed and wanton and outrageous.

108. As a result of the illegal conduct, plaintiff Craig suffered depression, emotional distress, loss of self-esteem, embarrassment and humiliation. She continues to suffer these damages.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this court will assume jurisdiction of this action and after trial:

1. Enter judgment for Plaintiffs Jeffers and Craig against defendant Russell County Board of Education for violating 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and subjecting Plaintiffs to both hostile environment and tangible action sexual harassment, on counts addressed above.

2. Enter judgment against defendant Russell County Board of Education for state law claims of Assault and Battery with vicarious liability perpetrated against Plaintiffs Jeffers and Craig by the Russell County Board of Education's supervisor and agent, Charles Nacrelli, on counts addressed above.

3. Enter judgment against defendant Charles Nacrelli in favor of Plaintiffs Jeffers and Craig for counts of Assault and Battery, as well as Outrage, on counts addressed above.

4. Enter judgment for damages in an amount determined by the jury against defendant Russell County Board of Education in favor of Plaintiffs Jeffers and Craig for actual, compensatory, special, nominal and punitive damages for violation of Title VII of the Civil Rights Act of 1964, as amended, and for the state law claims of Assault and Battery with vicarious liability.

5. Enter judgment for damages in an amount determined by the jury against defendant Charles Nacrelli in favor of Plaintiffs Jeffers and Craig for actual,

compensatory, special, nominal and punitive damages on state law claims of Assault and Battery, and Outrage.

6. Grant unto Plaintiffs Jeffers and Craig any other relief as the cause of justice might require, including but not limited to awards for costs, attorneys' fees, and expenses, as well as compensatory, special, nominal, and punitive damages.

Respectfully,

W. Don Eddins (ASB-1424-S65W)
Attorney for Plaintiffs
337 E. Magnolia Ave., Suite 3
Auburn, AL 36830
(334) 821-9981
Facsimile (334) 826-7700
doneddins@charter.net

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues of this cause.

**VERIFICATION**

I hereby verify that the information in the foregoing document is true to the best of my knowledge.

Barbara M. Jeffers, Plaintiff                    8/2/06          Joan K. Craig, Plaintiff          4-2-06

"EXHIBIT A"

**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5055 8598

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

May 10, 2006

Ms. Barbara M. Jeffers
c/o W. Don Eddins, Esquire
Attorney at Law
337 E. Magnolia Ave., Ste. 3
Auburn, AL  36830

Re:  EEOC Charge Against Russell County Board of Education
     No. 130200601374

Dear Ms. Jeffers:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by    *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Birmingham District Office, EEOC
     Russell County Board of Education



"EXHIBIT B"

**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5055 9137

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

May 26, 2006

Ms. Joan K. Craig
c/o W. Don Eddins, Esquire
Law Office of  W. Don Eddins
Attorney at Law
337 E. Magnolia Ave., Ste. 3
Auburn, AL  36830

Re:  EEOC Charge Against Russell Co. Board of Education
      No. 420200600390

Dear Ms. Craig:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and the Commission has determined that it
will not be able to investigate and conciliate that charge within
180 days of the date the Commission assumed jurisdiction over the
charge and the Department has determined that it will not file any
lawsuit(s) based thereon within that time, and because you through
your attorney have specifically requested this Notice, you are
hereby notified that you have the right to institute a civil action
under Title VII of the Civil Rights Act of 1964, as amended, 42
U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by  *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Birmingham District Office, EEOC
     Russell Co. Board of Education