IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BARBARA M. JEFFERS, and<br>JOAN K. CRAIG, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )   CIVIL ACTION NO.: 3:06cv685<br>) |
| RUSSELL COUNTY BOARD<br>OF EDUCATION and CHARLES<br>NACRELLI | )   JURY DEMAND<br>)<br>)<br>) |
| Defendants. | ) |

## ANSWER OF CHARLES NACRELLI

COMES NOW, Defendant, Charles Nacrelli, and submits unto the Court the following answer to the complaint of Plaintiffs Barbara M. Jeffers and Joan K. Craig as follows:

1. In response to the allegations of Paragraph 1 of Plaintiffs' complaint, Defendant admits the Court has subject matter jurisdiction; however, in the event that federal claims are dismissed in this case, Defendant reserves the right to request dismissal of the state law claims for which the Court would have to exercise supplemental jurisdiction.

2. In response to Paragraph 2 of Plaintiffs' complaint, Defendant states the Court has subject matter jurisdiction; however, in the event that federal claims are dismissed in this case, Defendant reserves the right to request dismissal of the state law claims for which the Court would have to exercise supplemental jurisdiction.

3. Defendant denies the allegations contained in Paragraph 3 of Plaintiffs' complaint and demands strict proof thereof.

4. In response to Paragraph 4 of Plaintiffs' complaint, Defendant states that Jeffers is a female citizen of the United States and a resident of the State of Alabama. Defendant states that Jeffers has been employed as a school counselor with the Russell County Board of Education and was a tenured employee. Defendant denies all other allegations contained in Paragraph 4 of Plaintiffs' complaint not specifically admitted.

5. In response to Paragraph 5 of Plaintiffs' complaint, Defendant states that Plaintiff Craig is a female citizen of the United States and a resident of the State of Alabama. Defendant states that Craig is a support employee at the Russell County Board of Education and has obtained non-probationary status with the Russell County Board of Education regarding that employment. Defendant denies all other allegations contained in Paragraph 5 of Plaintiffs' complaint not specifically admitted hereto.

6. Defendant admits the Russell County Board of Education operates public schools in Russell County, Alabama and that Plaintiffs were employees of the Russell County Board of Education. Defendants deny all remaining allegations of Paragraph 6 and demands strict proof thereof.

7. Defendant admits that Defendant Charles Nacrelli is a male, and was Principal of Ledonia Elementary School. Defendant denies all remaining allegations of Paragraph 7 and demands strict proof thereof.

8. Defendant denies the allegations of Paragraph 8 of Plaintiffs' complaint and demands strict proof thereof.

9. Defendant admits that Defendant Nacrelli served as Plaintiff Jeffers' supervisor after he became Principal of Ledonia Elementary School. Defendant denies all remaining allegations of Paragraph 9 and demands strict proof thereof.

10. Defendant denies the allegations of Paragraph 10 of Plaintiffs' complaint and demands strict proof thereof.

11. Defendant denies the allegations of Paragraph 11 and demands strict proof thereof.

12. Defendant denies the allegations of Paragraph 12 and demands strict proof thereof.

13. Defendant denies the allegations of Paragraph 13 and demands strict proof thereof.

14. Defendant denies the allegations of Paragraph 14 and demands strict proof thereof.

15. Defendant denies the allegations of Paragraph 15 and demands strict proof thereof.

16. Defendant denies the allegations of Paragraph 16 and demands strict proof thereof.

17. Defendant denies the allegations of Paragraph 17 and demands strict proof thereof.

18. Defendant denies the allegations of Paragraph 18 and demands strict proof thereof.

19. Defendant denies the allegations of Paragraph 19 and demands strict proof thereof.

20. Defendant denies the allegations of Paragraph 20 and demands strict proof thereof.

21. Defendant denies the allegations of Paragraph 21 and demands strict proof thereof.

22. Defendant denies the allegations of Paragraph 22 and demands strict proof thereof.

23. Defendant denies the allegations of Paragraph 23 and demands strict proof thereof.

24. Defendant denies the allegations of Paragraph 24 and demands strict proof thereof.

25. Defendant denies the allegations of Paragraph 25 and demands strict proof thereof.

26. Defendant denies the allegations of Paragraph 26 and demands strict proof thereof.

27. Defendant denies the allegations of Paragraph 27 and demands strict proof thereof.

28. Defendant denies the allegations of Paragraph 28 and demands strict proof thereof.

29. Defendant denies the allegations of Paragraph 29 and demands strict proof thereof.

30. Defendant denies the allegations of Paragraph 30 and demands strict proof thereof.

31. Defendant denies the allegations of Paragraph 31 and demands strict proof thereof.

32. Defendant denies the allegations of Paragraph 32 and demands strict proof thereof.

33. Defendant denies the allegations of Paragraph 33 and demands strict proof thereof.

34. Defendant denies the allegations of Paragraph 34 and demands strict proof thereof.

35. Defendant denies the allegations of Paragraph 35 and demands strict proof thereof.

36. Defendant denies the allegations of Paragraph 36 and demands strict proof thereof.

37. Defendant denies the allegations of Paragraph 37 and demands strict proof thereof.

38. Defendant denies the allegations of Paragraph 38 and demands strict proof thereof.

39. Defendant denies the allegations of Paragraph 39 and demands strict proof thereof.

40. Defendant denies the allegations of Paragraph 40 and demands strict proof thereof.

41. Defendant denies the allegations of Paragraph 41 and demands strict proof thereof.

42. Defendant denies the allegations of Paragraph 42 and demands strict proof thereof.

43. Defendant denies the allegations of Paragraph 43 and demands strict proof thereof.

44. Defendant denies the allegations of Paragraph 44 and demands strict proof thereof.

45. Defendant denies the allegations of Paragraph 45 and demands strict proof thereof.

46. Defendant denies the allegations of Paragraph 46 and demands strict proof thereof.

47. Defendant denies the allegations of Paragraph 47 and demands strict proof thereof.

48. Defendant denies the allegations of Paragraph 48 and demands strict proof thereof.

49. Defendant denies the allegations of Paragraph 49 and demands strict proof thereof.

50. Defendant denies the allegations of Paragraph 50 and demands strict proof thereof.

51. Defendant denies the allegations of Paragraph 51 and demands strict proof thereof.

52. Defendant denies the allegations of Paragraph 52 and demands strict proof thereof.

53. Defendant denies the allegations of Paragraph 53 and demands strict proof thereof.

54. Defendant denies the allegations of Paragraph 54 and demands strict proof thereof.

55. Defendant denies the allegations of Paragraph 55 and demands strict proof thereof.

56. Defendant denies the allegations of Paragraph 56 and demands strict proof thereof.

57. Defendant denies the allegations of Paragraph 57 and demands strict proof thereof.

58. Defendant denies the allegations of Paragraph 58 and demands strict proof thereof.

59. Defendant denies the allegations of Paragraph 59 and demands strict proof thereof.

60. Defendant denies the allegations of Paragraph 60 and demands strict proof thereof.

61. Defendant denies the allegations of Paragraph 61 and demands strict proof thereof.

62. Defendant denies the allegations of Paragraph 62 and demands strict proof thereof.

63. Defendant denies the allegations of Paragraph 63 and demands strict proof thereof.

64. Defendant denies the allegations of Paragraph 64 and demands strict proof thereof.

65. Defendant denies the allegations of Paragraph 65 and demands strict proof thereof.

66. Defendant denies the allegations of Paragraph 66 and demands strict proof thereof.

67. Defendant denies the allegations of Paragraph 67 and demands strict proof thereof.

68. Defendant denies the allegations of Paragraph 68 and demands strict proof thereof.

69. Defendant denies the allegations of Paragraph 69 and demands strict proof thereof.

70. Defendant denies the allegations of Paragraph 70 and demands strict proof thereof.

71. Defendant denies the allegations of Paragraph 71 and demands strict proof thereof.

72. Defendant denies the allegations of Paragraph 72 and demands strict proof thereof.

73. Defendant denies the allegations of Paragraph 73 and demands strict proof thereof.

74. Defendant denies the allegations of Paragraph 74 and demands strict proof thereof.

75. Defendant denies the allegations of Paragraph 75 and demands strict proof thereof.

76. Defendant denies the allegations of Paragraph 76 and demands strict proof thereof.

77. Defendant denies the allegations of Paragraph 77 and demands strict proof thereof.

78. Defendant denies the allegations of Paragraph 78 and demands strict proof thereof.

79. Defendant denies the allegations of Paragraph 79 and demands strict proof thereof.

80. Defendant denies the allegations of Paragraph 80 and demands strict proof thereof.

81. Defendant denies the allegations of Paragraph 81 and demands strict proof thereof.

82. Defendant denies the allegations of Paragraph 82 and demands strict proof thereof.

83. Defendant denies the allegations of Paragraph 83 and demands strict proof thereof.

84. Defendant denies the allegations of Paragraph 84 and demands strict proof thereof.

85. Defendant denies the allegations of Paragraph 85 and demands strict proof thereof.

86. Defendant denies the allegations of Paragraph 86 and demands strict proof thereof.

87. Defendant denies the allegations of Paragraph 87 and demands strict proof thereof.

88. Defendant denies the allegations of Paragraph 88 and demands strict proof thereof.

89. Defendant denies the allegations of Paragraph 89 and demands strict proof thereof.

90. Defendant denies the allegations of Paragraph 90 and demands strict proof thereof.

91. Defendant denies the allegations of Paragraph 91 and demands strict proof thereof.

92. Defendant denies the allegations of Paragraph 92 and demands strict proof thereof.

93. Defendant denies the allegations of Paragraph 93 and demands strict proof thereof.

94. Defendant denies the allegations of Paragraph 94 and demands strict proof thereof.

95. Defendant denies the allegations of Paragraph 95 and demands strict proof thereof.

96. Defendant denies the allegations of Paragraph 96 and demands strict proof thereof.

97. Defendant denies the allegations of Paragraph 97 and demands strict proof thereof.

98. Defendant denies the allegations of Paragraph 98 and demands strict proof thereof.

99. Defendant denies the allegations of Paragraph 99 and demands strict proof thereof.

100. Defendant denies the allegations of Paragraph 100 and demands strict proof thereof.

101. Defendant denies the allegations of Paragraph 101 and demands strict proof thereof.

102. Defendant denies the allegations of Paragraph 102 and demands strict proof thereof.

103. Defendant denies the allegations of Paragraph 103 and demands strict proof thereof.

104. Defendant denies the allegations of Paragraph 104 and demands strict proof thereof.

105. Defendant denies the allegations of Paragraph 105 and demands strict proof thereof.

106. Defendant denies the allegations of Paragraph 106 and demands strict proof thereof.

107. Defendant denies the allegations of Paragraph 107 and demands strict proof thereof.

108. Defendant denies the allegations of Paragraph 108 and demands strict proof thereof.

Defendant denies each and every allegation of Plaintiffs' complaint not specifically admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which compensatory or punitive damages may be awarded. Plaintiffs have failed to state a claim upon which relief may be granted. Plaintiffs have failed to mitigate said damages.

2. Plaintiffs failed to state a claim upon which punitive damages may be awarded. Plaintiffs failed to establish conduct or intent by described actions of Defendant sufficient to justify an award of punitive damages against Defendant.

3. Defendant pleads the appropriate caps under the Civil Rights Act of 1991 for the allegations of Plaintiffs' Complaint.

4. Plaintiffs failed to comply with anti-harassment policy and/or other policies of Defendant Russell County Board of Education.

5. Defendant pleads *Alabama Code* § 6-11-21, as amended, in its entirety with all

subpart thereto, more generally referred to as a statutory provision providing caps to punitive damages.

6.  Plaintiffs' claim for punitive damages are the limited amount recoverable as set forth within *Alabama Code* § 6-11-21. This defense is intended to challenge the ruling stated in Henderson v. Alabama Power Company, 627 So. 2d 878 (Ala. 1993). Any and all claims for punitive damages in this action are limited in the amount by the application of that code section which provides for an award of punitive damages shall not exceed $250,000.00. The holding of Henderson v. Alabama Power Company, 627 So. 2d 878 (Ala. 1993) is incorrect and due to be overruled for each and every reason set forth in the special concurrences to Goodyear Tire & Rubber Co. v. Vinson, (Ms. 19972057; 972186, April 23, 1999) ___ So. 2d ___ (Ala. 1999), and supporting authority cited therein, which are adopted by reference as if it was set forth herein. The doctrine of revival dictates there upon the overruling of Henderson, the $250,000.00 cap provided by *Alabama Code* § 6-11-21 (1975), as applicable to this case which was filed after the applicable section was enacted.

Defendant, by this amendment, does not withdraw, waive or delete any affirmative defenses, denials or other responses in the answer previously filed in this case by this Defendant. Defendant expressly reserves and reasserts those denials, responses and affirmative defenses previously asserted in his answer in this case.

7.  Plaintiffs cannot sue Defendant Charles Nacrelli under Title VII as alleged in Count 1 of Plaintiffs' Complaint due to Defendant Charles Nacrelli being an individual and not an employer of Plaintiffs.

8.  Plaintiffs cannot sue under Title VII for events occurring more than 180 days prior to filing of the charge of discrimination with the EEOC.

9. Defendant has not unlawfully discriminated against Plaintiffs.

10. Plaintiffs are not entitled to backpay damages, damages for emotional distress, or other damages and has, so far, failed to mitigate their damages.

11. Plaintiffs' claims are barred by the applicable statute of limitations.

12. Plaintiffs' claims are barred by the applicable statute of limitations and the failure to timely proceed with administrative prerequisites to this action.

13. Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to act reasonably and to mitigate any damages.

14. Defendant denies it is guilty of any conduct that entitles Plaintiffs to recover punitive damages.

15. Plaintiffs have failed to follow the grievance policies of Defendant.

16. Defendant asserts the affirmative defense of estoppel, contributory negligence, and after acquired evidence.

17. The award of punitive damages claimed by Plaintiffs violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

    (a) That civil procedures pursuant to which punitive damages are awarded may result wrongfully in punishment by a punitive damages award after the fact;

    (b) That civil procedures pursuant to which punitive damages are awarded may result in the award of joint several judgments against multiple defendants for different alleged acts of wrongdoing;

    (c) That civil procedures pursuant to which punitive damages are awarded fail

to provide means for awarding separate judgments against alleged joint tortfeasors;

  (d) That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of an award against the defendant;

  (e) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

  (f) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages;

  (g) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions;

  (h) That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act;

  (I) That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

  (j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined;

  (k) That standards of conduct upon which punitive damages are awarded are vague;

  (l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines;

  (m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in

relation to the standard of proof for ordinary civil cases;

(n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties;

(o) That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

18. Defendant pleads the general issue and denies he is guilty of any claims of Plaintiffs.

19. Defendant pleads the defense of consent and that any actions were not unwanted and/or offensive to Plaintiffs.

20. Defendant pleads applicable caps for damages that may be assessed against him.

**RESPECTFULLY SUBMITTED** this the 26th day of December, 2006.

*Charles Nacrelli*
CHARLES NACRELLI
Pro Se Defendant

1402 Douglas Street
Opelika, AL 36801
(334) 742-0515 (home)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record in this cause by hand delivery and by depositing same in the United States Mail, postage Pre-Paid, this the 26th day of December, 2006:

W. Don Eddins, Esq.
Attorney for Plaintiffs
337 E. Magnolia Ave., Ste. 3
Auburn, AL 36830

Sydney S. Smith, Esq.
Smith & Smith
1503 Broad Street
Phenix City, AL 36867

*Charles M. Nacrelli*
CHARLES NACRELLI