**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| BARBARA JEFFERS and ) | |
| JOAN CRAIG, ) | |
|    Plaintiffs, ) | |
| v. ) | CASE NO. 3:06-cv-685-WKW |
| RUSSELL COUNTY BOARD OF ) | |
| EDUCATION, *et al.,* ) | |
|    Defendants. ) | |

**PLAINTIFFS JEFFERS' AND CRAIG'S MOTION TO COMPEL
RUSSELL COUNTY BOARD OF EDUCATION
TO PRODUCE DOCUMENTS
AND
TO STAY DEPOSITIONS
UNTIL DOCUMENTS ARE PRODUCED**

    COMES NOW Plaintiffs Barbara Jeffers and Joan Craig, under Rule 26(b)(1), Federal Rules of Civil Procedure, and make this "Plaintiffs Jeffers' and Craig's Motion to Compel Russell County Board of Education to Produce Documents and Stay Depositions Until Documents Are Produced," and would show unto the Court as follows:

1. This is a Title VII sexual harassment claim which involves claims of, among other things, a male principal/supervisor (defendant Charles Nacrelli) lifting a female school counselor off the floor at school and biting her on the breast, the principal/supervisor exposing himself to the counselor, and the principal/supervisor rubbing the legs of a female bus driver and telling her that he sure would like to "get between" her legs.

2. After complaints, the principal was noticed for employment termination by the Russell County Board of Education.

3. In anticipation of board action and a possible arbitration hearing on the principal's dismissal, the Russell County Board of Education administration conducted an investigation of charges against Mr. Nacrelli.

4. The bulk of the investigation was conducted by the superintendent and assistant superintendent/personnel director.

5. In a discovery request dated May 1, 2007, plaintiffs Jeffers and Craig requested the results of the investigation, while specifically stating that plaintiffs were not requesting attorney work product relating to this case.

6. Specifically, plaintiffs' request, under item 9 of "Request for Production of Documents," asked that the defendant Russell County Board of Education:

    "Produce copies of any notes, papers and documents created during the course of any investigation the Russell County Board of Education has conducted relative to allegations of sexual assault or harassment made by Plaintiffs against Defendant Charles Nacrelli. Note: This request does not relate to lawyer work product for this case, but to the investigation into allegations which preceded the resignation of Mr. Nacrelli from his position with the Russell County Board of Education. This would include notes by the superintendent, assistant superintendent and other officials who interviewed school employees and/or other persons during the course of the investigation."

7. Defendant Russell County Board of Education has refused to produce the documents requested.

8. Depositions of plaintiffs and various employees/officials of the Russell County Board of Education were scheduled for Wednesday, August 22, 2007, through Friday, August 24, 2007.

9. On Friday, August 17, 2007, defendant Russell County Board of Education's counsel delivered to plaintiff counsel's office certain discovery sought in the May 1, 2007 request. (The Court had extended the August 2007 discovery deadline to October 2007 after Mr. Nacrelli retained counsel. Plaintiffs' counsel delivered discovery requested by defendant Russell County Board of Education to defendant's counsel on July 24, 2007, providing ample time to prepare for the August 22 depositions.)

10. Production from the defendant Russell County Board of Education on August 17, 2007, however, did not include results of the investigation which led to Mr. Nacrelli's resignation.

11. The information is clearly discoverable under Rule 26(b)(1), Federal Rules of Civil Procedure, which states in part:

> *Scope in General.* Unless otherwise limited by court order, the scope of the discovery is as follows:
> 
> "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the location of persons who know of any discovery matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence…"

12. The school system's investigation, which may well have revealed evidence that others within the system know of sexual advances by Mr. Nacrelli toward plaintiffs and other female employees, clearly is relevant.

13. Results of the investigation clearly could lead to discoverable evidence under Rule 26(b)(1).

14. Counsel for the Russell County Board of Education claims privilege, although the bulk of investigation was conducted by the superintendent and assistant superintendent for the termination proceedings.

15. Further, those interviewed are neither parties to this litigation nor clients of the attorney for the Russell County Board of Education. (One member of the Russell County Board of Education was interviewed, but she is not sued individually.)

16. Moreover, the investigation was not conducted for the case at bar, but rather for the possible termination of Mr. Nacrelli's employment.

17. Mr. Nacrelli resigned his job with the school system in 2006, resolving the matter for which the investigation was conducted.

18. The Board cannot claim privilege from a scheduled arbitration for a case now before the federal court.

19. According to information provided by the Russell County Board of Education, then Assistant Superintendent and now Interim Superintendent Lillian Baker interviewed the following individuals during the course of the investigation: teachers Allison Gentry, Jamie Evans, and Catherine Beth Gaskin and principals Brenda Coley and Robert Jason Hopper.

20. Superintendent Rebecca Lee interviewed plaintiffs Jeffers and Craig and defendant Nacrelli.

21. Russell County Board of Education attorney Sydney Smith interviewed the following persons: Barbara Gunter of the Central Office; Assistant Superintendent Baker, who conducted the aforementioned interviews; John Rudd, Transportation Supervisor; Rose M. Fowles, secretary at Ladonia Elementary, where the bulk of the abuse took place; Dillie Elliott, an elected member of the Russell County Board of Education; and, Dr. Rebecca Lee, then-Superintendent.

22. The information from the investigation is needed by plaintiffs for several reasons.

23. The interviews apparently were conducted in late 2005 and early 2006, since an arbitrator in the employment termination case was selected on January 4, 2006. Events relating to Mr. Nacrelli's conduct were fresher in the minds of the persons interviewed at that time. (The complaint was not be filed in this case until August 3, 2006, after a Notice of Right to Sue determination had been made by the U.S. Equal Employment Opportunity Commission.)

24. The persons interviewed may have spoken more freely and openly to Ms. Baker, Dr. Lee and Ms. Smith than they would to an attorney they do not know or at a formal deposition.

25. Statements made during the interview process may be used to help elicit relevant and admissible evidence for the trial.

26. The results of the investigation are needed to check for consistency between the statements made during the investigation and yet-to-be-conducted depositions.

27. Defendant Russell County Board of Education claim privilege from producing the information. A "privilege" generally is defined as a "special legal right, exemption, or immunity granted to a person or class of persons; an exception to a duty." Black's Law Dictionary 1215 (7th ed. 1999), as quoted in *Price v. Time, et al.*, 304 F.Supp.2d 1294 (N.D.Ala. 2004).

28. Noting that even news media representatives could be forced to reveal sources of information at common law, the Court stated in the *Price* case:

    "The common law position is rooted in the fundamental rule that each person summoned as a witness in a legal proceeding is under a duty to answer the subpoena, and to testify truthfully about those relevant facts known to the witness. Exceptions to that duty have been recognized grudgingly, because evidentiary privileges do not aid in the ascertainment of truth. United States v. Nixon, 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974) (privileges "are not lightly created nor expansively construed, for they are in derogation of the search for the truth"); see also, e.g., Trammel v. United States, 445 U.S. 40, 50,100 S.Ct. 906, 912, 63 L.Ed.2d 186 (1980)"

29. When the incomplete discovery package was presented to counsel for plaintiffs on August 17, 2007 for the August 22-24, 2007 depositions, counsel for plaintiffs canceled depositions until this Motion to Compel could be filed.

30. Subsequently, counsel for the Russell County Board of Education sent subpoenas to plaintiffs Jeffers and Craig to compel their testimony at depositions September 12-13, 2007.

31. Plaintiffs need the information from the investigations to adequately prepare for the depositions.

32. Plaintiffs have no objection whatsoever to having their depositions taken first. However, in preparing for the depositions, plaintiffs should have access to the same information that the Russell County Board of Education has at its disposal.

WHEREFORE, plaintiffs pray that the Court will enter an Order:

1. Compelling the defendant Russell County Board of Education to produce documents sought in the discovery motion, to include any papers, documents and results of the investigation of sexual improprieties against Mr. Nacrelli which led to the resignation of the principal/defendant.
2. Staying the deposition testimony of plaintiffs Craig and Jeffers until the Russell County Board of Education has produced the information.

Respectfully,

/s/W. Don Eddins (EDD005)
Attorney for Plaintiffs
337 E. Magnolia Avenue
Auburn, AL  36830
(334) 821-9981
Facsimile (334) 826-7700
Email: doneddins@charter.net

**CERTIFICATE OF SERVICE**

  I hereby certify that on __ day of August, 2007, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Sydney S. Smith, Esq. | Matthew C. Williams, Esq. |
| Smith and Smith | Estes, Sanders & Williams, LLC |
| 1503 Broad Street | 3800 Colonnade Parkway, Ste. 330 |
| Phenix City, AL  36830 | Birmingham, AL  35243 |

      /s/W. Don Eddins (ASB-1424-S65W)
      Attorney for Plaintiffs