IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

| | |
|---|---|
| BARBARA M. JEFFERS and | ) |
| JOAN M. CRAIG, | ) |
|     Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 3:06 CV 685 CSC |
| RUSSELL COUNTY BOARD OF | ) |
| EDUCATION and CHARLES NACRELLI, | ) |
|     Defendants. | ) |

### RESPONSE OF DEFENDANT

### RUSSELL COUNTY BOARD OF EDUCATION TO PLAINTIFFS'

### MOTION TO COMPEL PRODUCTION AND STAY DEPOSITIONS

    COMES NOW the Defendant, the Russell County Board of Education (hereinafter referred to as "RCBOE"), and in response to Plaintiffs' Motion to Compel and to Stay Depositions says as follows.

    It is to be noted that this Defendant is not the only party to be delinquent in filing responses to discovery. This Defendant filed its Interrogatories and Request for Production to Plaintiffs on April 24, 2007. At the oral request of counsel for Plaintiffs the undersigned counsel did not object to an extension of time in which to respond with the understanding that the same latitude would be granted to this Defendant. Plaintiffs filed their Answers and Responses on July 24, 2007, approximately 3 months after the discovery was propounded by Defendant. Plaintiffs' responses to Defendant's discovery were received on May 2, 2007. This Defendant's responses were hand delivered on August 17, 2007, approximately 3 months and 15 days after receipt.

    It is unclear from Plaintiffs' Motion to Compel whether it applies to the interviews conducted by the undersigned counsel or only to the interviews conducted by Lillian Baker in her investigation and any notes of Dr. Rebecca S. Lee, the then Superintendent. In the original Request for Production of Documents #9 issued by the Plaintiffs, their counsel stated: "[T]his request does not relate to lawyer work product for this case, but to

1

the investigation into allegations which preceded the resignation of Mr. Nacrelli from his position with the Russell County Board of Education. This would include notes by the superintendent, assistant superintendent and other official who interviewed school employees and/or other persons during the course of the investigation." In its discovery responses this Defendant noted that a number of the interviews had been done solely by Sydney Smith. It now appears is their Motion to Compel that Plaintiffs are seeking the work product of Sydney Smith.

For purposes of this Response, this Defendant will assume that it applies to both the interviews done by Mrs. Baker, the notes of Dr. Lee and by the undersigned counsel.

The Superintendent, Rebecca S. Lee (hereinafter referred to as the Superintendent or Lee) did not solely conduct any interview except for (1) the initial meeting with the Plaintiff Barbara Jeffers (hereinafter referred to as Jeffers) when she came to Lee's office on September 20, 2005 in the company of Nuria Chaparro to make her initial complaint against Charles Nacrelli. Those notes from Dr. Lee's calendar are being produced on this date by facsimile to Plaintiffs' counsel. The notes of Dr. Lee from her interview with the Plaintiff Joan Craig (hereinafter referred to as Craig) on October 25, 2005 are being produced on this date by facsimile to Plaintiffs' counsel. Following the meeting with Jeffers and Chaparro, Dr. Lee directed Mrs. Lillian Baker to conduct the investigation based on her belief that there was a high probability that litigation would result both in the personnel actions against Mr. Nacrelli and the subsequent claims of Jeffers. By the time Plaintiff Craig made her allegations, the termination of Mr. Nacrelli was underway and Dr. Lee directed that Sydney Smith investigate Craig's allegations. Dr. Lee's information was turned over to Attorney Smith who interviewed Craig and subsequent witnesses regarding those allegations. It was the procedure of Dr. Lee, when faced with allegations such as those made by Jeffers, to either investigate herself or to direct that an investigation be undertaken, based upon her working relationship with Sydney Smith as set forth in her Affidavit which is attached hereto and marked Exhibit A. (This Affidavit was signed by Dr. Lee on September 4, 2007 and notarized on that date by Beverly Kimbrough. The signed and notarized affidavit is being sent to Plaintiffs' counsel this date by facsimile. The scanner of the undersigned is not operable at this time, and it is impossible to attach the original as a scanned document.)

There is an error in this Defendant's response to Interrogatory #7. The answer given is that Dr. Lee interviewed Mr. Nacrelli. Dr. Lee was present when the Board Counsel, Sydney Smith, interviewed Mr. Nacrelli Dr. Lee participated in the interview by asking questions of Mr. Nacrelli. There are notes taken by Dr. Lee and notes taken by Sydney Smith during this meeting with Mr. Nacrelli on September 29, 2005. Those notes are not being produced under the claim of work-product prepared in anticipation of litigation.

RELEVANT FACTS

On September 20, 2005, Plaintiff Barbara Jeffers, a counselor at Ladonia Elementary School (hereinafter referred to as Ladonia) came to the office of the Superintendent, Rebecca S. Lee, and made allegations of sexual harassment by Charles

2

Nacrelli, the principal at Ladonia Elementary. Those allegations consisted mainly of events which occurred at a private party at the home of Mr. Nacrelli in July 2005 and an incident which occurred at Ladonia in September 2005 when she alleged that Mr. Nacrelli bit her on her breast. Mr. Nacrelli was terminated and ultimately allowed to resign as set forth in this Defendant's Answer and Amended Answer. Plaintiffs Jeffers and Craig filed claims with the EEOC on December 22, 2005 and January 19, 2006 respectively. Following receipt of Right to Sue Letters the Plaintiffs files this civil action.

Plaintiffs filed their discovery requests as set forth above and these Defendants served its responses on counsel for Plaintiffs by personal service at his office in Auburn, Alabama on the afternoon of August 17, 2007. This Defendant filed its Privilege Log on August 20, 2007. Copies of Defendants responses to discovery are attached hereto as Exhibits B and C.

### AUTHORITY TO SUPPORT DEFENDANT'S POSITION THAT MOTION TO COMPEL IS DUE TO BE DENIED AND THAT DEPOSITIONS SHOULD BE ALLOWED TO CONTINUE AS NOTICED

Rule 26(b) (3) of the Federal Rules of Civil Procedure governs the discovery of pretrial preparation and materials developed in anticipation of litigation. Included in this is the work-product of an attorney. This Rule provides that a party can discover those documents prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ( which includes attorneys and agents) only upon a showing of substantial need and that the requesting party is unable to gather that same information without undue hardship.

The United States Supreme Court in *Hickman v. Taylor, 329 U.S. 495 (1946),* recognized the of work- product doctrine. The issue before the court was whether or not the then new Rules of Federal Procedure allowed an adverse party to obtain the materials gathered by the other party's counsel in the course of preparation for possible litigation.

> We are thus dealing with an attempt to secure the production of written statements and mental impressions contained in the files and the mind of the attorney Fortenbaugh without any showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice. *Id. 510.*
>
> In our opinion, neither *Rule 26* nor any other rule dealing with discovery contemplates production under such circumstances. . . . Here is simply an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties. As such, it falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims. Not even the most liberal of discovery theories

3

can justify unwarranted inquiries into the files and the mental impressions of an attorney. *Id. 510-511.*

The work-product privilege has been extended to material prepared <u>on behalf of</u> the attorney in *United States v. Nobles, 422 U.S. 225 (1975).*

> One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself. *Id. 239-240.*

Therefore the materials prepared by both Dr. Lee and Mrs. Baker, who acted on behalf of the attorney Sydney Smith, are protected under the work-product privilege.

Under *Hickman v. Taylor* the burden is upon the Plaintiffs to establish adequate reasons to justify production of the documentation which they seek. It is respectfully submitted that the Plaintiffs are incapable of fulfilling such a burden. All of the witnesses interviewed by Baker, Lee and/or Smith are available for their depositions and/or trial. Plaintiffs have made no effort to notice or subpoena those individuals for their depositions. Plaintiffs cannot make the required showing of necessity or undue hardship.

This the 5th day of Sept, 2007.

                SMITH & SMITH
                A PROFESSIONAL CORPORATION
                BY: /s/ Sydney S. Smith
                    Attorney for Defendant
                    Russell County Board of Education
                    1503 Broad Street
                    Phenix City, Alabama 36867
                    (334) 298-2679
                    ASB-4248-582S

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing pleading upon W. Don Eddins, 337 E. Magnolia Avenue, Suite 3, Auburn, Alabama 36830, counsel for Plaintiffs, and Matthew C. Williams Esq. Estes, Sanders, & Williams, LLC by electronic filing using CM/ECF on this the 5th day of September, 2007.

                /s/ Sydney S. Smith

**EXHIBIT A**

STATE OF ALABAMA
COUNTY OF RUSSELL

AFFIDAVIT

Before me, the undersigned authority, personally appeared Rebecca S. Lee, who is known to me and who being duly sworn deposes and says as follows.

I was the Superintendent of the Russell County Board of Education during September and October of 2005. I was the person to whom Barbara Jeffers and Joan Craig made their allegations of sexual harassment by Charles Nacrelli who was the principal of Ladonia Elementary School at the time. Ms. Jeffers came to my office in September 2005 and Ms. Craig came to my office in October 2005.

Prior to serving as Superintendent of the Russell County Board of Education, I had previously served as the Superintendent of the Lanett City Board of Education. During the entire term of my employment by both Boards of Education, Sydney S. Smith served as the Boards' attorney. Early in our relationship in Lanett as superintendent and attorney, we developed an understanding and procedure for investing matters that involved school issues. Mrs. Smith instructed me to always begin an immediate investigation of any issue that I felt was of a serious nature. This included, but was not limited to, personnel issues such as this complaint of sexual harassment; allegations of race or gender discrimination; complaints of mistreatment by students and/or parents; school bus incidents; and accidents on the school premises or school buses. I was also to contact Mrs. Smith as soon as possible after I became aware of any such situation and inform her of the facts and what I had done to address the matter up to that point in time. Mrs. Smith would then advise me further as to our course of action.

When Ms. Jeffers came to my office late that afternoon of September 2005, I believe it was September 20, a Tuesday, she informed me of her allegations against Mr. Nacrelli. I knew immediately that this was a serious allegation and that the probability for litigation was very high involving both Mr. Nacrelli and Ms. Jeffers. I also knew that Mrs. Smith would want me to being an immediate investigation. I knew this would be her instructions to me whether I talked with her or not. During the time that I had been a superintendent and Mrs. Smith had been the Board attorney we had dealt with other issues of a serious nature, and we both knew that I was to being an immediate investigation of any issue of such magnitude.

Because of the lateness in the day, I did not call Mrs. Smith. However, I did meet with Mrs. Lillian Baker, Assistant Superintendent, who was still in her office. I instructed Mrs. Baker to go to Ladonia Elementary the next morning and to begin an investigation of Ms. Jeffers' allegations. Mrs. Baker did as instructed by me and met with other teachers and staff members. I don't know exactly when I spoke with Mrs. Smith, but it would have been my normal practice to call her the next morning, presumably September 21, a Wednesday. I don't have notes to document this, but I do know that I spoke with her either that Wednesday or Thursday, depending on her availability. I know this because we discussed how to interview Mr. Nacrelli and what the preliminary investigation by Mrs. Baker had shown. Mr. Nacrelli was placed on administrative leave with pay on Friday, September 23, 2005. I am absolutely certain that I would not have taken this action without having discussed the matter with Mrs. Smith.

During Mrs. Baker's interviews with the teachers and staff at Ladonia Elementary, she asked those individuals to prepare written statements setting forth their knowledge of any incidents involving

Mr. Nacrelli.  Those statements were prepared and dated September 25 and 26, 2005.  They were presented to me by Mrs. Baker in her report to me dated September 26, 2005.  These written statements and the report of Mrs. Baker are dated <u>after</u> September 23, 2005, the date that Mr. Nacrelli was placed on administrative leave with pay. Therefore, they were prepared and presented to me after Mrs. Smith was aware of the situation and involved in the investigation

     Prior to placing Mr. Nacrelli on administrative leave I would have discussed with Mrs. Smith the possible personnel actions to take against Mr. Nacrelli.  I would have also have discussed the possible actions that Ms. Jeffers might take against the Board as a result of her allegations. We would have discussed that Ms. Jeffers would probably file claims about sexual harassment. We would have discussed the need to investigate the matter very thoroughly to be certain that we took the appropriate action regarding Mr. Nacrelli and to determine if the Board was liable for his actions vis-a- vis Ms. Jeffers or against any other employees.

     I make this affidavit for the purpose of showing that my actions were taking in accordance with my understanding from the Board attorney, Mrs. Smith, of how to proceed in matters which I felt would result in litigation. The above statements are true and correct.

     This the ___ day of September, 2007.

                                                _____
                                                Dr. Rebecca S. Lee

     Sworn to and subscribed before me, this the ___ day of September, 2007

                                                _____
                                                Notary Public
                                                My Commission expires _____

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

| | |
|---|---|
| BARBARA M. JEFFERS and | ) |
| JOAN M. CRAIG, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:06 CV 685 CSC |
| RUSSELL COUNTY BOARD OF | ) |
| EDUCATION and CHARLES NACRELLI, | ) |
|     Defendants. | ) |

**ANSWER AND RESPONSES OF DEFENDANT,**

**RUSSELL COUNTY BOARD OF EDUCATION TO PLAINTIFFS'**

**FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION**

    COME NOW the Defendant, the Russell County Board of Education (hereinafter referred to as "RCBOE") and provides herewith its answers and objections to Plaintiffs' First set of Interrogatories and responses and objections to Plaintiffs' First Request for Production of Documents as follows:

## ANSWERS TO INTERROGATORIES

1. Lillian V. Baker, Assistant Superintendent for Personnel, now serving as Interim Superintendent; the undersigned counsel, Sydney S. Smith.

2. Yes. No.

3. A. Initial hiring on January 7, 1991 as Sixth Grade Teacher at Ladonia Elementary.

   B. Transferred to Mt. Olive Elementary School as Assistant Principal on August 3, 1998.

   C. Transferred to Ladonia Elementary School as Principal effective October 27, 1999.

4. Charles Nacrelli was placed on indefinite paid administrative leave on September 23, 2005. By letter dated October 17, 2005, Mr. Nacrelli was given notice by the Superintendent, Dr. Rebecca Lee, of her intention to recommend cancellation of his employment contract. The grounds for the proposed cancellation was that he failed to follow the policies of the Board; he had failed to follow the laws of the State of Alabama and the United States; his actions affected the work environment for certain employees and his actions presumably violated the constitutional rights of certain employees. On November 9, 2005, Dr. Rebecca Lee recommended in writing the proposed termination of Mr. Nacrelli as Principal of Ladonia Elementary School. Mr. Nacrelli chose not to request a hearing before the Board. On November 15, 2005, the Russell County Board of Education voted to approve the proposed termination of Mr. Nacrelli. On November 28, 2005, Mr. Nacrelli gave notice of his intent to contest the proposed termination and requested a panel of arbitrators from the FMCS Office of Arbitration Services. Such request was made on December 5, 2005. On January 4, 2006, the chosen arbitrator gave notice of potential dates for arbitration. Counsel for Mr. Nacrelli and the Board undertook negotiations regarding the proposed termination. By subsequent agreement by the parties, Mr. Nacrelli and the Board entered into a settlement agreement wherein Mr. Nacrelli resigned. Said document was dated May 5, 2006.

5. Superintendent, Rebecca Lee met with the Plaintiff, Barbara Jeffers late in the afternoon of September 20, 2005 at her office. Plaintiff Jeffers advised Superintendent Lee of her allegations of sexual harassment by Mr. Nacrelli. Dr. Lee met with Plaintiff Craig on October 5, 2005. Plaintiff Craig advised Superintendent Lee of her allegations of sexual harassment by Mr. Nacrelli.

6. Yes. See documents produced in response to Production Request number 7.

7. Mrs. Baker interviewed the following:

Allison Gentry, 6900 Schomburg Road, Apt. 1112, Columbus, GA 31909: 334-297-3475; teacher.

Jamie Evans, 7656 Lee road 240, Phenix City, AL 36870; 334-297-6364; teacher.

Catherine Beth Gaskin, 76 Lee Road 2048, Smith, AL 36877; 334-298-5002; teacher.

Brenda Coley, 47 North Herring Road, Opelika, AL 36804; 334-448-8799; principal.

Robert Jason Hopper, 3704 Cascade Way, Phenix City, AL 36867; 334-732-0218; principal.

Dr. Lee interviewed the following:

Barbara Jeffers, Plaintiff has this information; counselor.

Joan Craig, Plaintiff has this information; bus driver.

Charles Nacrelli, 1402 Douglas Street, Opelika, AL 36801; 334-742-0515; former principal.

8. Statements were taken from other individuals who were not personally interviewed, but who were asked to give their statement. Sydney S. Smith, Counsel for the Russell County Board of Education interviewed the following additional individuals:

Barbara Gunter, Central Office of Russell County Board of Education, Phenix City, Alabama 36867; 334-298-8791; former secretary to Dr. Lee.

Lillian V. Baker, Central Office of Russell County Board of Education, Phenix City, Alabama 36867; 334-298-8791; Assistant Superintendent for Personnel

John Rudd, Seale Campus of Russell County Board of Education, Seale, AL; 334-855-4721; Transportation Supervisor.

Rose M. Fowles, Ladonia Elementary School, U.S. Highway 80, Phenix City, AL 36867; 334-297-7313; Secretary.

Dillie Elliott; Member of Russell County Board of Education; Phenix City, AL; 334-298-8791.

Dr. Rebecca Lee; can be reached through the undersigned counsel.

9. Yes. Janet M. Jackson. Plaintiffs' Counsel represented Dr. Jackson and has the requested information in his files.

10. All material allegations against the Defendant, Russell County Board of Education, are false.

11. The Russell County Board of Education is subject to the laws of the United States regarding sexual harassment. It is subject to the actions of its supervisors only as set forth under those statutes and cases.

12. The Russell County Board of Education has insurance through Alabama Risk Management for Schools (ARMS). ARMS was given notice of the Complaint filed by Plaintiffs' Jeffers and Craig in the United States District Court for the Middle District of Alabama, Civil Action No: 3:06 CV 685. The Board was put on notice by ARMS that coverage does not apply to any claim arising from or in connection with sexual harassment, sexual abuse, sexual assault or sexual misconduct of any kind. Therefore, there is no insurance coverage available for payment of any damages involved in this litigation.

## RESPONSE TO REQUEST FOR PRODUCTION

1. See attached Exhibit A, the ARMS policy.
2. See attached Exhibit B, the personnel files of Ms. Jeffers.
3. See attached Exhibit C, the personnel files of Ms. Craig.
4. See attached Exhibit D, the personnel files of Mr. Nacrelli.
5. See attached Exhibit E; Official Minutes of the Russell County Board of Education for November 15, 2005 and February 28, 2006.
6. See attached Exhibit F, Board Policy GAJDBH, Sexual Harassment.
7. See attached Exhibit G, copies of fliers, handouts, etc. There may be others that Defendant has not yet located. If others are found they will be produced.
8. See attached Exhibit H. Also see documents produced in response to Request for Production number 4.
9. Defendant objects to the production of any investigative notes in that same were prepared in anticipation of litigation and therefore are trail preparation materials and not discoverable under Rule 26(b) FRCP. In addition much of the investigation was done by the attorney for the Board.
10. Defendant Board has nothing in its possession other than that which Plaintiffs provided as the EEOC file for each respective payment in their discovery responses.
11. See Exhibit D, personnel files of Mr. Nacrelli.
12. Defendant objects to the production of any notes from meeting with Mr. Nacrelli in that these were taken by the attorney for the Board and hence are privileged, work product, and prepared in anticipation of litigation.
13. See Exhibit C, the personnel files of Ms. Craig.

14. See attached Exhibit I, the work schedules for Ms. Jeffers for 2004-2005 school year and 2005-2006 school year. The work schedule for 2005-2006 apparently was changed when Ms. Jeffers alleged that it violated the law as to what counselors were required to do. A copy of the changed work schedule has not been located, but Ms. Jeffers should have a copy of the revised schedule. Also see attached Exhibit B, the personnel files of Ms. Jeffers.

This the 17th day of August, 2007.

SMITH & SMITH

A PROFESSIONAL CORPORATION

BY: /s/ Sydney s. smith

Sydney S. Smith

Attorney for Defendant

Russell County Board of Education

1503 Broad Street

Phenix City, Alabama 36867

(334) 298-2679

ASB-4248-582S

SMI 078

**CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing pleading upon W. Don Eddins, 337 E. Magnolia Avenue, Suite 3, Auburn, Alabama 36830, counsel for Plaintiffs, by hand delivery to his office in Auburn on this the 17th day of August, 2007.

/s/ Sydney S. Smith

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

| | |
|---|---|
| BARBARA M. JEFFERS and ) | |
| JOAN M. CRAIG, ) | |
|    Plaintiffs, ) | |
| v. ) | CIVIL ACTION NO. 3:06 CV 685 CSC |
| RUSSELL COUNTY BOARD OF ) | |
| EDUCATION and CHARLES NACRELLI, ) | |
|    Defendants. ) | |

**AMENDED ANSWER AND RESPONSES OF DEFENDANT,**
**RUSSELL COUNTY BOARD OF EDUCATION TO PLAINTIFFS'**
**FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION**

COME NOW the Defendant, the Russell County Board of Education (hereinafter referred to as "RCBOE") and amends its answers and objections to Plaintiffs' First set of Interrogatories and responses and objections to Plaintiffs' First Request for Production of Documents by adding the following:

PRIVILEGE LOG

A. The Defendant RCBOE refused to produce the investigative file in response to Request 9. The investigative file contains the following documents.

    1. A letter from Lillian V. Baker to Attorney Sydney Smith dated September 26, 2005.

2. A letter from Lillian V. Baker to Dr. Lee dated September 26, 2005.

3. A written statement from Brenda Coley dated September 23, 2005.

4. A written statement from Jamie Evans dated September 25, 2005.

5. A written statement from Beth Gaskin dated September 25, 2005.

6. A written statement from Kelly Brantley Howard dated September 26, 2005.

7. A written statement from Rose Fowles dated September 25, 2005.

8. A written statement from Allison Gentry dated September 27, 2005.

9. A letter from Dr. Lee to Sydney Smith, Attorney RCSD dated September 27, 2005.

10. In addition, the undersigned attorney has interviewed each of the individuals set forth above and also other individuals who may have knowledge of the Plaintiffs' allegations and claims. The attorney's notes have not been produced because of the claim of the privilege of work product, attorney client privilege, and prepared in anticipation of litigation.

B. In response to Request number 12, the Defendant RCBOE refused to produce the notes of Sydney S. Smith taken during an interview of Mr. Nacrelli on September 29, 2005 on the grounds that her notes are work product and prepared in anticipation of litigation

C. A written statement was given by the Plaintiff Barbara Jeffers dated September 26, 2005. It is assumed by counsel for the Board that Ms. Jeffers's attorney has a copy of same. However, a copy of Jeffers' statement of September 26, 2005 is attached hereto in the unlikely event that Ms. Jeffers has not supplied it to her attorney.

This the 20th day of August, 2007.

        SMITH & SMITH
        A PROFESSIONAL CORPORATION
        BY: /s/ Sydney S. Smith

          Attorney for Defendant

          Russell County Board of Education
          1503 Broad Street
          Phenix City, Alabama 36867
          (334) 298-2679
          ASB-4248-582S

**CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing pleading upon W. Don Eddins, 337 E. Magnolia Avenue, Suite 3, Auburn, Alabama 36830, counsel for Plaintiffs, by email and US Mail on this the 20th day of August, 2007.

        /s/ Sydney S. Smith