**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| BARBARA JEFFERS and ) <br> JOAN CRAIG, ) <br>     Plaintiffs, ) <br> v. ) <br> RUSSELL COUNTY BOARD OF ) <br> EDUCATION, *et al.*, ) <br>     Defendants. ) | CASE NO. 3:06-cv-685-WKW |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
And
RESPONSE TO PRIVILEGE CLAIM**

COME NOW Plaintiffs Jeffers and Craig and make this Motion for Protective Order and Response of Privilege Claim and state as follows:

**MOTION FOR PROTECTIVE ORDER**

1. The Court has pending before it "Plaintiffs Jeffers' and Craig's Motion to Compel Russell County Board of Education to Produce Documents and To Stay Depositions Until Documents are Produced."

2. Meanwhile, Defendant Russell County Board of Education has subpoenaed Plaintiffs Jeffers and Craig to depositions on September 12, 2007 and September 13, 2007, respectively.

3. Plaintiffs should not be compelled to appear for depositions until the matter of discovery is settled at which time depositions for Plaintiffs, Defendants and other parties can be scheduled.

4. Plaintiffs' counsel was not consulted when dates for Plaintiffs' depositions were set and Plaintiff's counsel has a conflict on the afternoon of September 12. (*City of Opelika vs. Russell*, Opelika Municipal Court)

5. Plaintiffs do not object to Plaintiffs' depositions being taken first.

6. Plaintiffs do object to having Plaintiffs' depositions taken without access to investigative documents that Defendants Russell County Board of Education has.

7. Plaintiffs also object to an incomplete deposition schedule that only sets depositions of Plaintiffs.

8. Plaintiffs should not be forced to sit for depositions until the Court rules on pending motion to compel and to stay depositions until discovery issues are resolved.

## PLAINTIFFS' RESPONSE TO PRIVILEGE CLAIM

1. In its objection to Plaintiffs' being provided documents from the Russell County Board of Education's investigation into Defendant Charles Nacrelli's illegal harassment, the Board contends that somehow the investigation amounts to attorney work product.

2. The investigation had nothing to do with litigation, which was not pending at the time it was conducted.

3. The investigation was begun in September 2005 to determine whether Defendant Nacrelli should be fired from his job as principal of Ladonia Elementary School. He subsequently resigned after the Board sent him notice of impending employment termination.

4. Plaintiffs did not file Charges of Discrimination for three months after that investigation begun and did not file a lawsuit until almost a year after the investigation had begun.

5. Interviews of teachers by the school system's personnel director, Ms. Lillian Baker, does not constitute attorney work product.

6. Ms. Baker works for the Russell County Board of Education, not attorney Smith.

7. In fact, Plaintiffs' counsel stated in the discovery motion that Plaintiffs did not seek attorney work product. Production request number nine stated:

   "Produce copies of any notes, papers and documents created during the course of any investigation the Russell County Board of Education has conducted relative to allegations of sexual assault or harassment made by Plaintiffs against Defendant Charles Nacrelli. Note: This request does not relate to lawyer work product for this case, but to the investigation into allegations which preceded the resignation of Mr. Nacrelli from his position with the Russell County Board of Education. This would include notes by the superintendent, assistant superintendent and other officials who interviewed school employees and/or other persons during the course of the investigation."

8. Plaintiffs agree that any notes or documents produced by counsel or by any employees' within counsel's office, are privileged.

9. However, documents produced by the Russell County Board of Education superintendent and personnel director are not privileged.

10. If such documents were subject to privilege, no documents would be discoverable.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs pray that the Court will:
1. Issue a Protective Order staying depositions until discovery issues are resolved;
2. Enter an Order compelling Defendant Russell County Board of Education to produce documents from the school system's investigation of allegations against Defendant Nacrelli.

.

Respectfully,
/s/ W. Don Eddins
Attorney for Plaintiffs
337 E. Magnolia Avenue
Auburn, AL  36830
(334) 821-9981
Facsimile (334) 826-7251
doneddins@charter.net

**CERTIFICATE OF SERVICE**

I hereby certify that on 10th day of September, 2007, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Sydney S. Smith, Esq. | Matthew C. Williams, Esq. |
| Smith and Smith | Estes, Sanders & Williams, LLC |
| 1503 Broad Street | 3800 Colonnade Parkway, Ste. 330 |
| Phenix City, AL  36830 | Birmingham, AL  35243 |

/s/W. Don Eddins (ASB-1424-S65W)
Attorney for Plaintiffs