IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA M. JEFFERS and | ) | |
| JOAN K. CRAIG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  3:06cv685-CSC |
| | ) | (WO) |
| RUSSELL COUNTY BOARD | ) | |
| OF EDUCATION, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Now pending before the court is the plaintiffs' motion to compel (doc. # 19) and the

motion for a protective order (doc. # 22).[1]   The plaintiffs seek to compel the defendants to

produce

> notes, papers and documents created during the course of any investigation the
> Russell County Board of Education has conducted relative to allegations of
> sexual assault or harassment made by Plaintiffs against Defendant Charles
> Nacrelli.  Note:  This request does not relate to lawyer work product for this
> case, but to the investigations which preceded the resignation of Mr. Nacrelli
> from his position with the Russell Board of Education.  This would include
> notes by the superintendent, assistant superintendent and other officials who
> interviewed school employees and/or other persons during the course of the
> investigation.

(Pls' Mot. to Compel at 2, ¶ 6).  The plaintiffs argue that this information is discoverable

_____

[1] Contained within the motion to compel is a motion to stay depositions until the motion to compel
is resolved.  The motion for a protective order (doc. # 22) also seeks to stay their depositions until the motion
to compel is resolved.  Because the parties agreed to postpone the depositions, the motion to stay and motion
for a protective order are due to be denied as moot.

because it is not protected by the attorney-client privilege or the work-product doctrine. The

plaintiffs also contend that they need documents from the investigation because (1) any

information was "fresher in the minds of the persons interviewed at the time;" (2) "[t]he

persons interviewed may have spoken more freely and openly;" and (3) "to check for

consistency between the statements made during the investigation and yet-to-be conducted

depositions." (Pls' Mot. to Compel, doc. # 19, at 5 ¶ 23-26).

In opposition to the motion, the defendants argue that these documents were

developed in anticipation of litigation and are protected by the work-product doctrine. *See*

Doc. # 21 at 3. Additionally, the defendants argue that the plaintiffs have failed to

demonstrate "substantial need" or "undue hardship" necessitating disclosure. *Id.*

The court heard oral argument on the motion to compel on September 20, 2007. For

the reasons that follow, the court concludes that the motion to compel is due to be denied

without prejudice.

FED. R. CIV. P. 26(b)(1) permits the discovery of any non-privileged matter which is

relevant to a claim or defense.[2] The information sought need not be admissible at trial "if the

information sought appears reasonably calculated to lead to the discovery of admissible

---

[2] FED. R. CIV. P. 26(b)(1) provides in pertinent part as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is
> relevant to the claim or defense of any party, including the existence,
> description, nature, custody, condition, and location of any books,
> documents, or other tangible things and the identity and location of persons
> having knowledge of any discoverable matter. . . . Relevant information
> need not be admissible at the trial if the discovery appears reasonably
> calculated to lead to the discovery of admissible evidence. . . .

evidence." FED. R. CIV. P. 26(b)(1).  However, FED. R. CIV. P. 26(b)(3) limits discoverable

material

> prepared in anticipation of litigation or for trial by or for another party or by
> or for that other party's representative (including the other party's attorney,
> . . . or agent) only upon a showing that the party seeking discovery has
> substantial need of the materials in the preparation of the party's case and that
> the party is unable without undue hardship to obtain the substantial equivalent
> of the materials by other means.  In ordering discovery of such materials when
> the required showing has been made, the court shall protect against disclosure
> of the mental impressions, conclusions, opinions, or legal theories of an
> attorney or other representative of a party concerning the litigation.

FED. R. CIV. P. 26(b)(3).

At issue in this case are documents of the investigation conducted by the Assistant

Superintendent at the behest of the Superintendent of the Russell County Board of Education.

In September 2005, plaintiff Jeffers complained to Superintendent Lee of sexual harassment.[3]

Superintendent Lee ordered the Assistant Superintendent to conduct an investigation because

the plaintiff's claims were serious in nature and "the possibility for litigation was very high."

(Resp. of Defs., Ex. A, doc. # 21).  As a result of her past and ongoing relationship with the

Board's attorney, on counsel's previous advice, Lee developed a practice to investigate all

serious allegations involving discrimination including sexual harassment claims.  (*Id*.)  The

plaintiffs concede that the investigation was ordered as a result of plaintiff Jeffers' complaints

to Lee.  (Pls' Mot. for Protective Order & Resp. to Privilege Claim, at 2, ¶ 3, doc. # 22).

The plaintiffs first argue that the investigation could not be "in anticipation of

litigation" because no litigation was pending at the time the investigation was initiated.  This

---

[3]  It is undisputed that plaintiff Jeffers complained that defendant Nacrelli bit her breast.

argument avails them nothing. The work-product doctrine protects "material collected by an adverse party's counsel in the course of preparation for *possible* litigation." *Hickman v. Taylor*, 329 U.S. 495, 505 (1947) (emphasis added). The doctrine does not simply protect material collected after a complaint or action is filed.

Next, the plaintiffs argue that neither the Superintendent nor the Assistant Superintendent's notes should be protected because they investigated in their capacities as school officials, not at the specific direction of the board's attorney. In *United States v. Nobles*, 422 U.S. 225 (1975), the Court extended the protection to materials collected by investigators and other agents.

> One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

*Id*. at 238. The mere fact that the documents were gathered and/or created by the Superintendent or the Assistant Superintendent does not strip the documents of the protection offered by the work product doctrine. This situation is akin to a corporate investigation of wrongdoing. *See Upjohn v. United States*, 449 U.S. 383 (1981). In *Upjohn*, the corporation instigated an internal investigation into questionable illegal payments to foreign government officials prior to submitting a voluntary disclosure report to the Securities and Exchange Commission and the Internal Revenue Service. It is undisputed that the communications at issue were the direct result of Superintendent Lee's decision to instigate a factual investigation into Jeffers' complaints of sexual harassment. The plaintiffs are free to question the same employees who were questioned during the investigation about any factual

information these employees may possess regarding the plaintiffs' complaints. While it may be more convenient for the plaintiffs to rely on the Superintendent's investigation, "considerations of convenience does not overcome the policies served by the attorney-client privilege." *Upjohn Co.*, 449 U.S. at 396. "Discovery was hardly intended to enable a learned profession to perform its functions . . . on wits borrowed from the adversary." *Id.*

Furthermore, it is not unreasonable for the Superintendent to initiate an investigation "in anticipation of litigation" when Jeffers made her complaint of sexual harassment. When an employer is confronted by an employee, the employer has a duty to promptly take corrective action, particularly if the employer seeks to take advantage of the affirmative defense to a claim of sexual harassment. *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus. Inc., v. Ellerth*, 524 U.S. 742 (1998). To allow the plaintiffs to secure the results of the defendants' investigation would vitiate the work-product doctrine. *Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 76 (D.D.C. 2003) ("By its own terms, then, the work-product privilege covers materials prepared by or for any party or by or for its representative; they need not be prepared by an attorney or even for an attorney.")

Finally, the court notes that the plaintiffs have failed to demonstrate "substantial need" or "undue hardship" necessitating disclosure. The plaintiffs clearly know the names of the witnesses interviewed during the course of the Superintendent's investigation. *See* Mot. to Compel, doc. # 19 at 4-5, ¶ 19-21. The plaintiffs readily admit that they intend to depose these witnesses. "The results of the investigation are needed to check for consistency between the statements made during the investigation and yet-to-be-conducted depositions."

*Id*. at ¶ 26.

> [T]he protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact withing his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.

*Upjohn Co.*, 449 U.S. at 395-96.

At argument on this motion, it was apparent to the court that counsel had not had the opportunity to fully develop facts relating to the investigative interviews. Rather than engage the parties in pursuit of ancillary issues, the court enters this order with the following caveat. In the event that the plaintiffs discover facts that would demonstrate that the investigation was not conducted "in anticipation of litigation," the plaintiffs may, at that juncture, seek to compel production of the investigative files and accompanying documentation.

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that as follows:

1.      That the plaintiffs' motion for compel (doc. # 19) be and is hereby DENIED without prejudice.

2.      The plaintiffs' motion to stay depositions (doc. # 19) and motion for protective order (doc. # 22) be and are hereby DENIED as moot.

Done this 4th day of October, 2007.

       /s/Charles S. Coody
       CHARLES S. COODY
       CHIEF UNITED STATES MAGISTRATE JUDGE