IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BARBARA M. JEFFERS and <br> JOAN M. CRAIG, <br><br> Plaintiffs, <br><br> v. <br><br> RUSSELL COUNTY BOARD OF <br> EDUCATION and CHARLES NACRELLI, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 3:06 CV 685 CSC <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION TO AMEND ANSWER**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, (FRCP), the Defendant Russell County Board of Education (hereinafter referred to as "Board") respectfully requests leave of the Court to refine and restate the affirmative defenses set forth in its Answer filed on August 30, 2006, and in support thereof says as follows:

1.  The affirmative defenses set forth by this Defendant are in substance the affirmative defenses provided in the cases of *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998*)* and *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998). Specifically the Board's Thirteenth Defense complies with the statement in those two cases that the employer exercised reasonable care to prevent and correct promptly any sexual harassing behavior. And the Board's Seventh Defense sets forth the fact that the Plaintiffs did not take advantage of any preventive or corrective opportunities available to them. However, out of an abundance of caution and in an effort to prevent the Board from being unjustly harmed for possibly incorrectly having set forth these defenses, the Board respectfully requests that it be allowed to amend its Answer to set forth the following affirmative defenses in the exact language used by the United States Supreme Court in *Ellerth and Faragher.*

2. The Board requests the Court's leave to amend its Answer by adding the following:

**FIFTEENTH DEFENSE**

The Board exercised reasonable care to prevent and correct promptly any sexually harassing behavior alleged by the Plaintiffs to have been perpetrated by the Defendant Nacrelli.

**SIXTEENTH DEFENSE**

The Plaintiffs, Jeffers and Craig unreasonable failed to take advantage of any preventive or corrective opportunities provided by the Board or to avoid harm otherwise.

3. Rule 15 of the FRCP as amended effective December 1, 2007, provide that "the Court should freely give leave when justice so requires." "There must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim. App. 256 F3d 1266, 1274 (11th Cir. 2001).* It is respectfully submitted that justice requires that the Board be allowed to amend its previously filed Answer by adding the Fifteenth Defense and Sixteenth Defense to preclude any claim that Defendants have not properly raised these two defenses in its previously filed answer.

4. Rule 8 (c) of the FRCP as Amended effective December 1, 2007, does not list the *Faragher* and *Ellerth* as Affirmative Defenses that must be plead.

5. Pursuant to Local Rule 15.1 the proposed Amended Answer is attached hereto as Exhibit A.

WHEREFORE, the Board respectfully requests that this honorable Court grant it leave to amend its previously filed Answer by including the Fifteenth and Sixteenth Affirmative Defenses set forth herein.

This the 4th day of December, 2007.

                    SMITH & SMITH
                    A PROFESSIONAL CORPORATION

                    BY: /s/ Sydney S. Smith
                        Sydney S. Smith
                        Attorney for Defendant
                        Russell County Board of Education
                        1503 Broad Street
                        Phenix City, Alabama 36867
                        (334) 298-2679
                        ASB-4248-582S
                        SSmith4843@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed today, December 4, 2007, by CM/ECF, the above and foregoing with copies being served upon:

    W. Don Eddins, Esq.
    doneddins@charter.net

    Matthew C. William, Esq.
    matt@esw-law.com

                        /s/Sydney S. Smith

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BARBARA M. JEFFERS and JOAN M. CRAIG, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 3:06 CV 685 CSC ) |
| RUSSELL COUNTY BOARD OF EDUCATION and CHARLES NACRELLI, | ) ) ) |
| Defendants. | ) |

## AMENDED ANSWER AND DEFENSES OF DEFENDANT RUSSELL COUNTY BOARD OF EDUCATION

COMES NOW the above-named Defendant, Russell County Board of Education, to answer the Plaintiffs' Complaint, to deny the allegations of sexual harassment and assault and battery and vicarious liability and to set forth its defenses:

## FIRST DEFENSE

Responding to the numbered paragraphs of the Complaint in order, this Defendant states:

### I. JURISDICTION

1. Defendant admits that Plaintiffs seek to invoke the jurisdiction of this Court pursuant to cited authority but denies that the Complaint states a cause of action over which this Court possesses jurisdiction.

2. Defendant admits that Plaintiffs seek to invoke the jurisdiction of this Court pursuant to cited authority but denies that the Complaint states a cause of action over which this Court possesses jurisdiction.

3. Denied.

## II. PARTIES

  4. Defendant admits that the Plaintiff Jeffers is a female, but is without knowledge or information to form a belief as to her current residency and status as a citizen of the United States of America. Defendant admits that Plaintiff has been employed by Defendant as a counselor and that she is tenured.  Defendant denies that Plaintiff was a victim of discriminatory treatment on her job

  5.  Defendant admits that the Plaintiff Craig is a female, but is without knowledge or information to form a belief as to her current residency and status as a citizen of the United States of America. Defendant admits that Plaintiff has been employed by Defendant as a support employee and that she is tenured.  Defendant denies that Plaintiff was a victim of discriminatory treatment on her job

  6.  Defendant admits the allegations of the first 2 sentences. Defendant is without information or knowledge as to whether the alleged events occurred in Russell County.

  7. Defendant denies that Charles Nacrelli was a supervisor at all times material to this Complaint. Defendant admits that Defendant Charles Nacrelli is male; that he was principal of Ladonia Elementary School for a period of time; and that while he was principal he was a supervisor of Plaintiff Jeffers. Defendant denies that Plaintiff Craig was supervised by Mr. Nacrelli. Mrs. Craig was supervised by the Transportation Supervisor, John Rudd.

## III. FACTUAL ALLEGATIONS

  8.  Defendant admits that Plaintiff Jeffers has performed satisfactorily in her job as school counselor, but denies the use of the term "stellar."

  9.  Defendant admits that Mr. Nacrelli was Plaintiff's supervisor while serving as Principal, but denies that he was her supervisor while serving as assistant principal.

  10.  Denied.

  11.  Denied.

  12.  Denied.

  13.  Denied

  14.  Denied.

  15.  Denied.

  16.  Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant denies that Plaintiff had previously reported the alleged sexual harassment. Defendant admits that Plaintiff Jeffers met with Dr. Lee on September 20, 2005, and reported, for the first time, her allegations of sexual harassment.

21. Defendant admits that Dr. Lee met with Mrs. Jeffers on September 20, 2005, and that Dr. Lee promised to investigate Plaintiff's allegations. Defendant denies the remaining allegations in paragraph 21.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

# IV. CAUSES OF ACTION

COUNT ONE – TITLE VII HOSTILE ENVIRONMENT, SEXUAL HARASSMENT OF PLAINTIFF JEFFERS

      43. Defendant has otherwise responded to these allegations.

      44. Denied.

      45. Denied

      46. Denied.

      47. Denied.

      48. Denied.

      49. Denied.

      50. Denied.

COUNT TWO – TITLE VII TANGIBLE ACTION SEXUAL HARASSMENT OF PLAINTIFF JEFFERS

      51. Defendant has otherwise responded to these allegations.

      52. Admitted.

      53. Denied.

      54. Denied.

      55. Denied.

      56. Denied.

      57. Denied.

COUNT THREE – TITLE VII HOSTILE ENVIRONMENT, SEXUAL HARASSMENT OF PLAINTIFF CRAIG

      58. Defendant has otherwise responded to these allegations

      59. Admitted.

      60. Denied.

      61. Denied.

      62. Denied.

      63. Denied.

      64. Denied.

      65. Denied.

      66. Denied.

COUNT FOUR – TITLE VII TANGIBLE ACTION SEXUAL HARASSMENT OF PLAINTIFF CRAIG

      67. Defendant has otherwise responded to these allegations.

      68. Admitted.

      69. Denied.

      70. Denied.

      71. Denied.

      72. Denied.

      73. Denied.

COUNT FIVE – ASSAULT & BATTERY/VICARIOUS LIABILITY AGAINST PLAINTIFF JEFFERS

      74. Defendant has otherwise responded to these allegations.

      75. Admitted.

      76. Denied.

      77. Denied.

      78. Denied.

      79. Denied.

COUNT SIX – ASSAULT & BATTERY/VICARIOUS LIABILITY AGAINST PLAINTIFF CRAIG

      80. Defendant has otherwise responded to these allegations.

      81. Admitted.

      82. Denied.

      83. Denied.

84. Denied.

85. Denied.

## COUNTS SEVEN, EIGHT, NINE AND TEN

Counts Seven, Eight, Nine and Ten consisting of paragraphs 86 through 108 are alleged solely against the Defendant, Charles Nacrelli, and do not require a response from this Defendant. To the extent that any of these allegations should be construed to be against this Defendant, those allegations are denied.

## V. PRAYER FOR RELIEF

Defendant denies the Prayer for Relief set forth in paragraphs 1, 2, 3, 4, 5 and 6.

## SECOND DEFENSE

Defendant denies the material allegations of the Complaint; and in particular, Defendant denies that it guilty of the allegations by Plaintiffs as to sexual harassment, assault and battery and vicarious liability or that Defendant violated Plaintiffs' constitutional or other legal rights in any form or fashion.

Defendants deny that Plaintiffs through their Complaint alleges facts which would entitle them to relief.

## THIRD DEFENSE

The Complaint fails to state facts sufficient to constitute a cause or causes of action against this Defendant.

## FOURTH DEFENSE

Plaintiffs are not entitled to relief pursuant to Title VII of the Civil Rights Act of 1964, or for any other federal or state, statutory or constitutional basis because the Plaintiffs were not subjected to the allegations made in their complaint.

## FIFTH DEFENSE

Counts One, Two, Three and Four are barred insofar as the alleged

unlawful conduct occurred over 180 before the filing of a complaint or charge of discrimination by the Plaintiffs with the EEOC.
.

### SIXTH DEFENSE

Plaintiffs failed to present all of the allegations set forth in the Complaint to the Equal Employment Opportunity Commission, and therefore, have failed to exhaust their administrative remedies as required by law and are precluded from raising such new and unrelated issues for the first time in this action.

### SEVENTH DEFENSE

Plaintiffs have and continue to have the ability and opportunity to mitigate the damages alleged, and they have failed to mitigate their damages.  Plaintiffs are not entitled to damages as claimed.

### EIGHTH DEFENSE

Defendant pleads the defense of absolute, sovereign immunity in defense of both the federal law and state law claims of Plaintiffs.

### NINTH DEFENSE

Defendant denies any and all averments set forth in the Complaint that are not specifically admitted and demand strict proof thereof.

### TENTH DEFENSE

Plaintiffs' requests for punitive damages are barred by the due process clauses of the United States Constitution and amendments thereto.

### ELEVENTH DEFENSE

Counts Five and Six are barred by the statute of limitations set forth in the Code of Alabama, federal law or any other applicable statute of limitations.

### TWELFTH DEFENSE

The Court lacks jurisdiction over Counts Five and Six for assault and battery/vicarious liability under Alabama law and over any other claims for personal injuries pleaded in the Complaint because the Alabama State Board of Adjustment affords the exclusive remedy for the alleged injuries.

### THIRTEENTH DEFENSE

Defendant is not liable for any damages resulting from the alleged sexual harassment of the Plaintiffs by Defendant because Defendant took immediate and effective remedial action upon being notified by Plaintiffs of the alleged harassment.

### FOURTEENTH DEFENSE

Defendant is not liable for any damages resulting from the alleged sexual harassment of the Plaintiffs because neither Plaintiff suffered any adverse tangible job action.

### FIFTEENTH DEFENSE

The Board exercised reasonable care to prevent and correct promptly any sexually harassing behavior alleged by the Plaintiffs to have been perpetrated by the Defendant Nacrelli.

### SIXTEENTH DEFENSE

The Plaintiffs, Jeffers and Craig failed to take advantage of any preventive or corrective opportunities provided by the Board or to avoid harm otherwise.

WHEREFORE, having answered each allegation of the Complaint; denying all averments of sexual harassment; assault and battery; vicarious liability or violation of constitutional or other legal rights of the Plaintiffs; and having responded to each allegation of the Complaint, and having asserted affirmation defenses thereto, this Defendant respectfully requests that judgment be entered in its favor and that Plaintiffs take nothing by this complaint, and that Defendant have judgment for its cost of suit and reasonable attorney fees and any other further relief as this Court may deem proper.

This the 4th day of December, 2007.

>SMITH & SMITH, P.C.
>/s/ Sydney S. Smith
>Attorney for Russell County Board of Education
>1503 Broad Street
>Phenix City, Alabama 36867
>(334) 298-2679
>ASB-4248-T82S
>Ssmith4843@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed today, December 4, 2007, by CM/ECF, the above and foregoing with copies being served upon:

>W. Don Eddins, Esq.
>doneddins@charter.net

>Matthew C. William, Esq.
>matt@esw-law.com

>/s/ Sydney S. Smith