IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BARBARA M. JEFFERS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:06-cv-0685-WKW |
| ) | |
| RUSSELL COUNTY BOARD OF ) | |
| EDUCATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on February 1, 2008, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL**:

    (a) Plaintiffs Barbara Jeffers and Joan Craig, represented by W. Don Eddins and Theron Stokes;

    (b) Defendant Russell County Board of Education, represented by Sydney S. Smith;

    (c) Defendant Charles Nacrelli, represented by Matthew C. Williams.

    **COUNSEL APPEARING AT PRETRIAL HEARING**:

    Same as trial counsel.

2. **JURISDICTION AND VENUE**:

The jurisdiction of the Court is invoked pursuant to the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e. The suit also asserts state law claims of outrage, assault and battery, and assault and battery with vicarious liability. The court has jurisdiction of the subject matter of this action pursuant to 28

U.S.C. §1331, 1343 (a) (4), 2201 & 2202. Plaintiffs filed charges of sex discrimination with the Equal Employment Opportunity Commission ("EEOC") and timely filed the complaint after the EEOC and U.S. Department of Justice issued right-to-sue notices. At all times material to this complaint, plaintiffs were (and remain) female employees of the Russell County Board of Education. The principal of Ladonia Elementary at times relevant to this action, Defendant Nacrelli, is a male.

3. **PLEADINGS**:

The following pleadings and amendments were allowed: Complaint filed by plaintiffs and Answers by both defendants; Motion to Compel discovery by plaintiffs and Response by Defendant Russell County Board of Education; Defendant Russell County Board of Education and Defendant Charles Nacrelli have filed motions for summary judgment, to which the plaintiffs have filed a response; Defendant Russell County Board of Education filed a reply brief on January 25, 2008; the motions for summary judgment are pending before the court.

4. **CONTENTIONS OF THE PARTIES**:

    (a) **The plaintiffs**: Plaintiffs were victims of discrimination based upon their sex in violation of Title VII. Specifically, they were subjected to pervasive sexual harassment by their principal and immediate supervisor, Charles Nacrelli. During times relevant to this lawsuit, Jeffers was a school counselor and Craig a bus driver. Plaintiffs also were victims of state law torts outrage and assault and battery.

        (i) **Plaintiff Jeffers**: Jeffers contends that Nacrelli repeatedly made inappropriate remarks to her in the spring of 2005, bragging of his sexual conquests and of the sexual prowess of Italian men. Jeffers contends that, among other things, Nacrelli appeared naked in front

2

of her at a school party in July 2005 and repeatedly squeezed her buttocks at the party. Jeffers further contends that Nacrelli picked her up and bit her on the breast at school in September 2005. In the spring of 2005, prior to the party, Jeffers reported the pervasive harassment to Assistant Principal Coley. Later, the school party was held in recognition of the promotion of assistant principal/supervisor Coley to Principal of Oliver Elementary School. Jeffers reported the incident of Nacrelli's appearing naked and squeezing her buttocks to Principal Coley the very night it happened and to Dewilda "Dillie" Elliott, a female member of the Russell County Board of Education, just a few days after the incident. Jeffers called board member Elliott to request a transfer to a different school so she would not have to work with Nacrelli but she was forced to return to Ladonia Elementary under the supervision of Nacrelli. The sexual harassment continued and, among other things, Nacrelli picked Jeffers up and bit her on the breast at school one day. The school system conducted an investigation only after Jeffers reported the sexual harassment allegations to a third supervisor, Superintendent Rebecca Lee. Subsequently, after the internal investigation the Russell County Board of Education voted to terminate Nacrelli's employment based upon violation of the school system's sexual harassment policy and violation of federal law. Plaintiff Jeffers was a victim of both hostile environment and tangible action sexual harassment, the tangible

        action sexual harassment resulting from an illegal schedule she was given in the fall of 2005 after she had rebuffed her supervisor's advances. In addition to the sexual harassment, Jeffers contends that Nacrelli's squeezing her buttocks and biting her breast amounted to the state law torts of assault and battery, as well as outrage, a tort recognized under Alabama law for egregious sexual harassment.

(ii)     **Plaintiff Craig**: Craig also was a victim of hostile environment and tangible action sexual harassment for which the Russell County Board of Education is liable. Beginning in about 2002, Nacrelli began propositioning Craig. Once the principal rode with her on her school bus to view a problem at a bus stop and told her what "nice" legs she had and how he would like to engage in sexual acts with her. He repeated the same type conduct not long thereafter. Repeatedly during the next several years until the Board voted to fire him, Nacrelli would make obscene gestures, such as squeezing his penis through his pants, at Craig. He would stroke her hair and tell her how much he liked her long hair, prompting Craig to cut her hair short. When she and a nephew came to school on their motorcycles, to eat lunch with her grand-nephews, Nacrelli followed them outside and squeezed Craig's buttocks and told her he wanted to ride the bike with her and hold onto her breasts. The sexually charged conduct continued until Nacrelli was forced out of the school system. In addition to the hostile environment, Craig was the victim of tangible

4

action sexual harassment. Craig had accepted extra bus trips for extracurricular activities to supplement her income. However, despite the fact that she earned only about $15,000 annually, Craig gave up the field trips rather than face Nacrelli and his barrage of harassing statements and gestures. Craig also claims Principal Nacrelli personally is responsible for the state law torts of assault and battery and outrage against her. Nacrelli squeezed her buttocks and rubbed her legs and made obscene gestures toward her. Craig contends that she reported the sexual harassment to Assistant Superintendent Lillian Baker in August 2005. She reported the matter subsequently to Superintendent Lee, but by then Nacrelli had been suspended. Nacrelli lost his job based upon the sexual misconduct against Jeffers and Craig.

(iii) As a proximate cause of the defendants' actions, the plaintiffs have suffered mental anguish and emotional distress and other damages. Plaintiffs seek compensatory and punitive damages, benefits and injunctive and declaratory relief, reasonable attorneys' fees and expenses, and all other relief to which the court deems the plaintiffs are entitled.

(b) **The defendants**:

(i) **Defendant Russell County Board of Education**: The Russell County Board of Education disputes that Nacrelli was Craig's

supervisor. The Board contends that the party of July 2005 at the home of Nacrelli was a social event and not connected with the Board in any manner. The Board contends that Jeffers first reported her allegations on September 20, 2005, and that Craig first reported her allegations on October 25, 2005. The Board contends that once Jeffers reported to Superintendent Lee on September 20, 2005, that it took immediate and appropriate action by investigating the allegations and suspending Nacrelli from his job on September 23, 2005 and then subsequently voting to terminate his employment. By the time Craig reported her allegations Nacrelli had been removed as principal of the school. The Board denies that either Jeffers or Craig have been the victims of sexual harassment. The Board contends that neither Jeffers nor Craig worked in a hostile work environment. The Board contends that neither Jeffers nor Craig has proved a *prima facie* case. They have failed to prove that the alleged actions of Nacrelli were pervasive and severe. They have failed to prove a basis upon which the Board is vicariously liable for Nacrelli's actions. The Board denies all material allegations of Jeffers and Craig. The Board contends that it has sovereign immunity as to the claims of Jeffers and Craig of state law assault and battery and is not vicariously liable for such claims. The Board contends that neither Jeffers nor Craig is entitled to punitive damages, and that the Board is not vicariously liable for such claims. The Board contends that it is entitled to the

affirmative defenses under *Faragher* and *Ellerth*. The Board had a sexual harassment policy prior to the alleged sexual harassment. The Board's policy had been distributed to the schools and to the transportation department. Both Jeffers and Craig were aware of the policy. The Board exercised reasonable care to prevent and correct the alleged sexual harassing behavior. Both Jeffers and Craig failed to promptly take advantage of the Board's preventive and corrective opportunities. The Board contends that neither Jeffers nor Craig suffered a tangible employment action. The Board contends that Craig did not suffer a constructive discharge. The Board contends that claims arising more than 180 days before the filing of the EEOC Charge by Jeffers on December 23, 2005 and by Craig on January 19, 2006, are barred by the statute of limitations under *Ledbetter v. Goodyear Tire & Rubber Co*. The Board contends that some, if not all, claims of Jeffers and Craig occurred more than 180 days before the filing of their EEOC Charges. The Board contends that all of the alleged actions of Nacrelli were done outside the line and scope of his employment. The Board contends that all of the alleged actions of Nacrelli were not known by the Board; were not approved by the Board; and were not condoned by the Board.

(ii) **Defendant Charles Nacrelli**: Defendant Nacrelli has no recollection of appearing naked in front of Jeffers at a pool party held at his home in July 2005. Jeffers claims that Nacrelli "rubbed up" on her behind

several times that night. Nacrelli has no memory of this incident. Jeffers admits that she, herself, was flirting with men that night, yet maintains that Nacrelli's conduct was unwanted and offensive. However, she never specifically told him to stop. Therefore, Nacrelli was never put on notice, by Jeffers, that any of his behavior towards her was unwanted. This pool party was the first of the "harassing" incidents reported by Jeffers. The party was in July 2005, yet she did not report anything about any of this "harassment" until two months later on September 20, 2005. Jeffers alleges Nacrelli grabbed her back and the back of her legs and swept her up into his arms, in a cradle position, as if he was carrying her across a threshold. Nacrelli states that he accidentally nipped the cloth of Jeffers's shirt in the process of picking her up. Jeffers concedes that his teeth only touched her shirt. Her breasts were not touched with his mouth or teeth, only her shirt was touched. Again, Jeffers never told Defendant Nacrelli that his behavior was "offensive" to her, and Nacrelli certainly never acted in a purposefully offending manner. None of these alleged incidents of "harassment" are sufficient to satisfy the requirements of a state cause of action for assault and battery, and the tort of outrage.

  Nacrelli specifically denies all of Craig's allegations of all incidents alleged sexual harassment. Nacrelli denies ever telling Craig that she had "nice legs" and all other sexually-charged innuendo that

    Craig alleges. Nacrelli also denies ever touching Craig in any hostile, sexual, or offensive manner. Nacrelli specifically denies ever "patting (or squeezing) her on the behind," as Craig alleges happened when she was wearing a "dew rag" at school. None of these alleged incidents of "harassment" are sufficient to satisfy the requirements of a state cause of action for assault and battery, and the tort of outrage. Nacrelli contends that his alleged acts of sexual harassment did not cause mental anguish, emotional distress, or other damages to the plaintiffs, and demands strict proof thereof.

5.   **<u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>**:

 (a)  Plaintiffs are both female employees of the Russell County Board of Education and were employed by the Russell County Board of Education during the entire time Charles Nacrelli was principal at Ladonia Elementary School. During that time, plaintiff Jeffers was a school counselor and Craig a bus driver at Ladonia.

 (b)  On November 15, 2005, the Russell County Board of Education voted to terminate the employment of Charles Nacrelli due to his violation of the Russell County Board of Education's policies and violation of federal laws.

 (c)  Charles Nacrelli was employed as a principal by the Russell County Board of Education from 1999 until he resigned in 2006 rather than contest the Russell County Board of Education's decision to terminate his employment.

 (d)  During the 2004-05 school year, Brenda Coley was an assistant principal with the Russell County Board of Education until on or about June 1, 2005, when

    she was promoted to principal of Oliver Elementary, another school operated by the Russell County Board of Education.

(e) At all times in calendar year 2005, Dewilda "Dillie" Elliott was an elected member of the Russell County Board of Education.

(f) Plaintiffs filed charges of discrimination alleging violation of Title VII of the 1964 Civil Rights Act, as amended, with the U.S. Equal Employment Opportunity Commission ("EEOC") and filed the complaint, on August 3, 2006, within 90 days of a notice of right to sue having been issued by the EEOC.

(g) All incidents of alleged abuse or misconduct occurred in Russell and Lee counties in the State of Alabama.

(h) The U.S. District Court for the Middle District of Alabama, Eastern Division, has subject matter jurisdiction over all issues associated with the complaint.

It is ORDERED that:

1. The jury selection and trial of this case, which is to last 2-4 days, is set for **March 10, 2008, at 10:00 a.m.**, in the G.W. Andrews Federal Building and United States Courthouse, 701 Avenue A, Opelika, Alabama.

2. The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions and verdict forms with legal citations thereon, **on or before February 29, 2008**.

3. The parties shall file trial briefs, if any, **on or before March 3, 2008**.

4. Each party shall submit at the time of trial, for use by the court, three copies of the witness list, exhibit list, and notebook of pre-marked exhibits.

5. Each party shall submit a sufficient number of copies of exhibits for each of the jurors and opposing counsel.

6. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

7. The parties shall engage in good faith mediation and shall notify the court **on or before February 29, 2008**, as to the status of the mediation.

8. All deadlines not otherwise affected by this order will remain as set forth in the Amended Uniform Scheduling Order (Doc. # 18) entered by the court on June 21, 2007.

9. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all parties unless modified by the court.

DONE this 6th day of February, 2008.

       /s/ W. Keith Watkins
       UNITED STATES DISTRICT JUDGE